IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 2000 Session

## WILLIAM JAMES LOGAN v. HEISKELL WINSTEAD

**Appeal from the Circuit Court for Hawkins County**
**No. 5023J     John K. Wilson, Judge**

———————————

**No. E1999-01056-SC-R11-CV - Filed July 21, 2000**
**FOR PUBLICATION**
———————————

This appeal arises from a prisoner's *pro se* action for legal malpractice against the attorney who represented him in criminal court on the charges underlying his sentence. The attorney filed a motion for summary judgment supported by an expert affidavit. The prisoner, relying upon Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975), filed a motion to hold the proceedings in abeyance until he was released from prison and able to appear in court. The trial court failed to rule on the motion for abeyance. The trial court entered summary judgment in favor of the attorney on the grounds that the prisoner had not offered an expert affidavit to rebut the attorney's proof. The Court of Appeals upheld the judgment. We granted review to determine under what circumstances an incarcerated plaintiff is entitled to have a civil action held in abeyance until he or she is released from custody. We have determined that a plaintiff in prison has no absolute right to have civil proceedings stayed or to be present during civil litigation. Accordingly, we overrule Whisnant to the extent that it may be interpreted to stand for that proposition. Instead, we hold that an abeyance should be granted by the trial court only when reasonable under the circumstances, in light of several competing interests. Because the trial court in this case failed to consider Mr. Logan's motion to hold his case in abeyance, we remand this case to the trial court for further proceedings consistent with this opinion.

Tenn. R. App. P. 11 Appeal by Permission; Judgment of the Trial Court and Court of Appeals Affirmed in Part; Reversed in Part; and Remanded

FRANK F. DROWOTA, III, J., delivered the opinion of the court, in which E. RILEY ANDERSON, C.J., ADOLPHO A. BIRCH JR, JANICE M. HOLDER & WILLIAM M. BARKER, JJ. joined.

Kenneth F. Irvine, Jr., Eldridge & Irvine, Knoxville, Tennessee, for the appellant, William James Logan.

Thomas L. Kilday and Thomas J. Garland, Milligan &Coleman, Greeneville, Tennessee, for the appellee, Heiskell Winstead.

**OPINION**

**Factual Background**

On April 12, 1996, pursuant to a search warrant obtained in connection with information from a confidential informant, Hawkins County police officers searched the home of the appellant, William J. Logan. During the search they recovered several zip-lock bags filled with cocaine, as well as large quantities of cash. Mr. Logan was indicted on June 3, 1996, in the Criminal Court for Hawkins County, and was charged with simple possession of cocaine, possession of a controlled substance with the intent to sell, and tampering with evidence. Mr. Logan hired the appellee, Heiskell Winstead, an attorney in Rogersville, to defend him on the charges.[1] He was tried in the Hawkins County Criminal Court on June 20, 1996, and was convicted of the two drug-related felony counts.[2] Mr. Logan was sentenced to two six-year terms that were to run concurrently. He is presently incarcerated in a Tennessee Department of Correction facility in Mountain City, Tennessee.

Mr. Winstead continued to represent Mr. Logan post-trial by filing a Motion for a New Trial, which was denied by the trial court. Mr. Winstead then filed a notice of appeal on Mr. Logan's behalf and represented him during his appeal as of right. The Court of Criminal Appeals affirmed the conviction on January 12, 1998. Mr. Winstead next filed an application for permission to appeal to this Court on Mr. Logan's behalf, but Mr. Logan subsequently filed a motion to voluntarily dismiss the petition. Mr. Logan filed numerous post-conviction petitions and petitions for habeas corpus relief in state and federal court, however Mr. Winstead obtained permission to withdraw from representation during this period.[3]

On April 8, 1998, Mr. Logan, acting *pro se*, filed a complaint against Mr. Winstead in the Chancery Court for Hawkins County alleging legal malpractice and seeking both compensatory and punitive damages.[4] The complaint was then transferred to the Circuit Court pursuant to

---

[1]Although Mr. Logan initially hired Mr. Winstead pursuant to a private agreement, the trial court later appointed Mr. Winstead in this matter in response to Mr. Logan's reported indigency and his failure to pay Mr. Winstead all of his earned fees.

[2]The tampering with the evidence charge was voluntarily dismissed by the State.

[3]Mr. Logan's most recent petition for post-conviction relief, in which he complained of the same matters that are the subject of his subsequent civil malpractice suit at issue in this case, was heard in the Hawkins County Criminal Court in August 1998. The petition was denied on all counts. The Court of Criminal Appeals affirmed the judgment in November 1999. This Court denied Mr. Logan's Rule 11 application for appeal on February 28, 2000.

[4]Mr. Logan alleged a number of acts and omissions by Mr. Winstead that, if proven, would constitute legal malpractice, including: (1) failure to file a motion to suppress evidence and failure to investigate the validity of the search warrant; (2) failure to object to illegal and irrelevant evidence; (3) failure to object to a multiple count indictment; (4) improperly commenting to the jury about the sentence Mr. Logan would receive if convicted; (5) referring to Mr. Logan as a "jail bird" in correspondence; (6) failure to ask for and inspect evidence as required by Tenn. R. Crim. P. 16; (7) failure to file a motion to confront the confidential informant; and (8) failure to properly respond to Mr. Logan's requests and to investigate the case.

Tenn. Code Ann. § 16-11-102(b).[5]  Mr. Winstead filed a motion for summary judgment on September 25, 1998.  As support for the motion, he filed his own affidavit in which he stated the facts concerning his representation of Mr. Logan and his expert opinion that he did not violate the applicable standard of care.

Relying on Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975) and Smith v. Peebles, 681 S.W.2d 567 (Tenn. Ct. App. 1984), on September 29, 1998, Mr. Logan filed a "Motion to Put in Abeyance" asking the trial court to continue the proceedings until he was released from custody. He then filed a response to the motion for summary judgment, in which he again asked the court to continue the proceedings.  In an attachment to the response, he wrote:

> The plaintiff has already filed a motion to put this case in abeyance.  He is also responding to the defendant's summary judgment further asking that his case be put in abeyance until the plaintiff is released from prison.  The summary judgment should be dismissed until discovery is completed and until the plaintiff is released from prison.

The trial court did not rule on Mr. Logan's request for an abeyance of the proceedings. On December 21, 1998, Mr. Logan filed a "Motion to Waive Oral Argument" in which he asked the court to adjudicate the motion for summary judgment solely on the record.  The motion asserted:  "Plaintiff, by law, cannot appear since he is incarcerated, and waives all oral argument. It would not be just, nor fair, for this Court to allow oral argument by one party, when the other party is precluded from 'appearing' by law."

On January 4, 1999, the trial court granted Mr. Winstead's motion for summary judgment on the record and without oral argument.  In its order, the court stated that "the record establishes, without dispute, that the defendant, at all times, represented the plaintiff in conformity with the custom, practice and prevailing standard of similarly-situated attorneys practicing in the community and that there was no deviation therefrom which proximately contributed to cause any injury or damages to the plaintiff."  The order did not address Mr. Logan's requests to hold the matter in abeyance pending his release from prison.

Mr. Logan, acting *pro se*, appealed the judgment.  The Court of Appeals affirmed the entry of summary judgment in favor of Mr. Winstead, finding that  Mr. Winstead met his burden of proof by filing his expert affidavit stating that he had not violated the applicable standard of care.  The intermediate court held that Mr. Logan "offered no . . . proof by way of expert testimony concerning the applicable standard of care for a criminal defense attorney in this jurisdiction or how this standard of care was breached by the defendant.  As such, he has failed to establish the essential elements of his case."

---

[5]Tennessee Code Annotated § 16-11-102(b) provides that the Chancery Court has concurrent jurisdiction with the Circuit Court in all civil causes of action except for cases involving unliquidated damages for injuries to person or character or injuries to property not resulting from a breach of oral or written contract.

We granted Mr. Logan's petition to appeal in order to examine the abeyance issue and to revisit the Whisnant case relied upon by Mr. Logan. Specifically, we consider under what circumstances an incarcerated plaintiff is entitled to have a civil action held in abeyance until he or she is released from prison. Because we have determined that an incarcerated plaintiff has no absolute right to have civil proceedings stayed or to be present during civil litigation, we overrule Whisnant to the extent that it may be read to stand for that proposition. Instead, an abeyance should be granted by the trial court only when reasonable under the circumstances, in light of several countervailing considerations, such as the length of the prisoner litigant's sentence, the difficulty of the prisoner in presenting proof, the burden on the court in maintaining a docket on which such claims will indefinitely remain, the impracticability of litigating a suit many years after its filing because memories fade and witnesses become difficult to locate, and a defendant's right to have claims against him or her timely adjudicated. Because we conclude that the trial court in the instant case erred by failing to consider and rule on Mr. Logan's motion for an abeyance, we reverse the judgments of the trial court and the Court of Appeals and remand this case for further proceedings consistent with this opinion.

**The Abeyance Issue**

Relying upon Whisnant v. Byrd, Mr. Logan argues that the trial court erred by not holding his malpractice action in abeyance until he was released from prison. In Whisnant we held:

> [A] prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.
>
> * * * *
>
> [A]bsent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until the prisoner shall have been released from prison and is in a position to prepare and present his case.

Whisnant, 525 S.W.2d at 153-54. See also Smith v. Peebles, 681 S.W.2d 567, 569 (Tenn. Ct. App. 1984) (citing Whisnant and stating: "In the instant case plaintiff prisoner's 'constitutional right to institute and prosecute a civil action' was effectively denied when the Trial Judge refused a continuance and dismissed plaintiff's complaint for 'failure to prosecute.'").

Mr. Winstead argues that Whisnant and Smith apply only to the right of prisoners to appear at the trial of their civil suits, but they do not guarantee a right to be present during the

-4-

disposition of pre-trial matters, nor do they discuss how a trial court should handle pre-trial matters. Contending that a motion for summary judgment is a pre-trial matter, Mr. Winstead argues that Mr. Logan had no right to be present during the trial court's consideration of the motion, and, accordingly, no right to an abeyance of proceedings.

As support for this argument, Mr. Winstead cites <u>Sanjines v.Ortwein & Assocs.</u>, 984 S.W.2d 907 (Tenn. 1998), in which a *pro se* inmate simultaneously filed a legal malpractice action against his attorney and a post-conviction claim alleging ineffective assistance of counsel. The defendant filed a motion for summary judgment in the civil action, and the plaintiff asked the trial court to stay the malpractice action until the conclusion of the post-conviction proceedings. In deciding that the prisoner was not entitled to a stay of the malpractice suit, this Court observed that:

> While the Court in <u>Whisnant</u> was concerned with the rights of inmates to file civil complaints, the Court did not hold that a stay is necessary in all civil actions filed by incarcerated persons in order to prevent prejudice to the judicial process. Neither did the Court hold that such persons have a constitutional right to a stay of their civil actions. The Court was concerned only with the rights and qualifications of an inmate to appear in court for trial. <u>Whisnant</u> does not discuss how a trial court should handle pre-trial matters such as stays of proceedings in inmate civil actions.

<u>Sanjines v. Ortwein</u>, 984 S.W.2d at 910.

While the <u>Sanjines</u> case dealt with a plaintiff's filing of simultaneous civil and post-conviction actions, its language makes clear that incarcerated plaintiffs do not have a constitutional right to a stay of their civil proceedings. We agree with Mr. Winstead and with our reasoning in <u>Sanjines</u> and hold that although incarcerated plaintiffs have a constitutional right to initiate and prosecute a civil action, they do not retain an absolute right to have civil litigation held in abeyance until they are released from custody, nor do they retain an absolute right to be present at each stage of the proceedings. Accordingly, we overrule <u>Whisnant</u> to the extent that it may be interpreted to guarantee incarcerated plaintiffs these absolute rights.

Instead, we hold that the decision of whether or not to stay civil proceedings for a prisoner is left to the discretion of the trial court. Acting on a case-by-case basis, the trial court must weigh the competing interests of the inmate's ability to present proof and the burden on the judicial system and the defendant in continuing the action. In reviewing a trial court's ruling on a motion for abeyance, appellate courts should employ an abuse of discretion standard of review. See <u>Sanjines v. Ortwein</u>, 984 S.W.2d at 909.

One of the main factors to be considered by the trial court in considering a motion for abeyance is whether the inmate will be released from prison and able to appear in court within a

reasonable amount of time from the filing of the suit. This determination will unmistakably vary from one case to the next. Besides the length of the prisoner's remaining sentence, other countervailing interests should be considered by the court, including the burden on the court in maintaining a docket on which such claims will remain for an extended period, and the inconvenience and impracticability of litigating a suit several years after its filing. Not only will prisoners have a more difficult time presenting proof if their cases are held in abeyance, but defendants have a right to have claims against them timely adjudicated. The longer a suit is held in abeyance, the more difficult it will be to try on its merits. Witnesses may move or pass away, memories will fade, and proof will become harder to obtain. It is in everyone's best interest - the court's, plaintiff's, and defendant's - to require the incarcerated litigant's suit to proceed, when reasonable under the circumstances. However we hasten to add that when a trial court denies a prisoner's request for an abeyance, it should, within its discretion, afford the prisoner sufficient time for filing briefs and motions and for conducting discovery. This is especially true when inmates are proceeding *pro se*. Trial courts should waive the time requirements of the Rules of Civil Procedure and set reasonable time restrictions in such instances.

Many suits can be adjudicated on the pleadings. Motions to dismiss, motions for summary judgment, and other such pre-trial matters can be litigated by an inmate in custody. We recognize, as Mr. Logan points out, that a prisoner filing or rebutting a motion for summary judgment supported by an expert affidavit might have a more difficult task in obtaining an expert affidavit than would a litigant who is not incarcerated. In such instances trial courts should grant additional time to prisoners to prepare relevant filings, as the circumstances of the case direct. Nonetheless, we are of the opinion that an incarcerated litigant, acting *pro se* or having the benefit of an attorney, can prepare and support pre-trial motions. With the discretion of the trial court in granting necessary extensions of time, prisoners should be able to proceed in accordance with the Rules of Civil Procedure.

Moreover, requiring incarcerated plaintiffs to prosecute civil claims will serve to eliminate the many frivolous actions by inmates that burden the court system. In order to spare defendants, potential witnesses and the courts the burden of having prisoners' civil actions held in abeyance for years, trial courts should be permitted to dispose of frivolous suits via pre-trial motions. For example, if a plaintiff's legal malpractice allegations lack merit, he or she would find it difficult to obtain an expert witness willing to state in an affidavit that the defendant violated the applicable standard of care. Holding such a case in abeyance until the prisoner has been released from custody would be an exercise in futility and would unduly burden the court and the defendant.

In the instant case, we conclude that the trial court erred by failing to rule on Mr. Logan's Motion to Put in Abeyance. Not only does such an omission give the impression that a litigant is being ignored, but appellate review becomes more difficult without an order specifying reasons for a trial court's grant or denial of a motion. In this case, Mr. Winstead moved for summary judgment on September 25, 1998. Four days later, Mr. Logan filed a motion requesting that the matter be held in abeyance until his release from prison. In addition, Mr. Logan asked that

-6-

"summary judgment be dismissed until discovery is completed." The trial court never ruled upon Mr. Logan's abeyance motion, and approximately three months later, the trial court granted Mr. Winstead summary judgment upon the record without oral argument.

As previously explained herein, incarcerated plaintiffs do not have an absolute right to have civil litigation held in abeyance until they are released from prison. However, such plaintiffs are entitled to have requests for abeyances considered and determined under the appropriate legal standards. There is nothing in the record of this appeal to indicate that the trial court gave any consideration to Mr. Logan's request for an abeyance. Under these circumstances, the trial court erred. Therefore, we reverse the judgments of the trial court and the Court of Appeals which granted summary judgment to Mr. Winstead. We remand this case to the trial court to consider, pursuant to the guidelines set forth in this opinion, whether Mr. Logan's request for an abeyance should be granted. If, in its discretion, the trial court determines that an abeyance is not appropriate, the trial court may deny Mr. Logan's request for an abeyance and rule upon Mr. Winstead's motion for summary judgment after affording Mr. Logan sufficient time to respond to the summary judgment motion.[6]

### Conclusion

The Court wishes to thank Kenneth F. Irvine, whom we appointed to represent Mr. Logan in this appeal, for his outstanding performance throughout the proceedings in this Court. We commend Mr. Irvine for his dedicated representation of Mr. Logan and appreciate his willingness to assist and the time he has volunteered to serve the administration of justice in this state. Mr. Logan will proceed pro se on remand in the trial court.

The judgments of the trial court and the Court of Appeals are affirmed in part, reversed in part, and the cause is remanded. Costs of this appeal are taxed equally between the appellant, William J. Logan and the appellee, Heiskell Winstead.

_____
FRANK F. DROWOTA, III, JUSTICE

---

[6] Our decision in this appeal should not be read as expressing an opinion on the merits of either Mr. Logan's request for an abeyance or Mr. Winstead's motion for summary judgment.