IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
OCTOBER 18, 2000 Session

## ROBERT J. BURTON v. KENT F. GEARIN

**Direct Appeal from the Circuit Court for Weakley County**
**No. 3577; The Honorable William B. Acree, Judge**

_____

**No. W1999-01022-COA-R3-CV - Filed November 29, 2000**
_____

The Appellee was appointed by the Circuit Court of Weakley County to represent the Appellant in his petition for post conviction relief. The circuit court denied the Appellant's petition, and the Tennessee Court of Criminal Appeals affirmed. The Appellant filed a complaint for legal malpractice against the Appellee. The Appellant also filed a motion to hold the matter in abeyance until he was released from prison. The trial court failed to rule on the motion for abeyance. The trial court entered summary judgment in favor of the Appellee.

The Appellant appeals the trial court's grant of summary judgment in favor of the Appellee and the trial court's failure to rule on the motion for abeyance. For the reasons stated herein, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Robert J. Burton, _pro se_

Tim Edwards, James F. Horner, for the Appellee

**OPINION**

## I. Facts and Procedural History

The Appellant, Robert J. Burton ("Mr. Burton"), was convicted by the Circuit Court of Weakley County of one count of rape and one count of incest involving Mr. Burton's thirteen year old daughter. Mr. Burton was represented by counsel of his own choosing during the criminal trial. Trial counsel appealed Mr. Burton's conviction to the Tennessee Court of Criminal Appeals which affirmed the conviction. The Tennessee Supreme Court denied review of the decision.

Mr. Burton filed a petition for post-conviction relief in the Circuit Court of Weakley County, alleging ineffective assistance of counsel resulting in his criminal conviction. The Appellee, Kent F. Gearin ("Mr. Gearin"), was appointed by the court to represent Mr. Burton in the post-conviction relief proceeding. The circuit court denied Mr. Burton's petition for post-conviction relief. Mr. Gearin appealed to the Tennessee Court of Criminal Appeals. The court of criminal appeals affirmed the trial court's decision.

On April 6, 1999, Mr. Burton, acting pro se, brought an action for legal malpractice, claiming that Mr. Gearin failed to render effective assistance of counsel in the post-conviction relief proceeding. Mr. Burton also filed a motion to hold the matter in abeyance until he was released from prison. On June 25, 1999, Mr. Gearin filed a motion for summary judgment seeking dismissal of Mr. Burton's case on two grounds: (1) Mr. Burton failed to present any expert testimony establishing that Mr. Gearin deviated from the applicable standard of professional care in his representation of Mr. Burton; and (2) Mr. Burton failed to obtain post-conviction relief prior to the institution of his legal malpractice action. As support for the motion, Mr. Gearin submitted his own affidavit in which he stated the facts concerning his representation of Mr. Burton and his expert opinion that he did not deviate from the applicable standard of care. On August 9, 1999, the trial court granted Mr. Gearin's motion for summary judgment, finding that Mr. Burton failed to meet his burden of establishing the necessary elements of his claim. The trial court failed to rule on Mr. Burton's motion for abeyance. This appeal followed.

## II. Law and Analysis

This case is governed by a recent decision of the Tennessee Supreme Court, <u>Logan v. Winstead</u>, 23 S.W.3d 297 (Tenn. 2000). The facts and issues in <u>Logan</u> are nearly identical to those in the case at hand. Mr. Logan, an inmate, brought a legal malpractice claim, acting pro se, against his criminal defense attorney, Mr. Winstead. <u>See id.</u> at 299. Mr. Winstead filed a motion for summary judgment supported by his expert affidavit. <u>See id.</u> at 300. Mr. Logan filed a motion to hold the proceedings in abeyance until he was released from prison. <u>See id.</u> The trial court failed to rule on the motion for abeyance. <u>See id.</u> The trial court entered summary judgment in favor of Mr. Winstead. <u>See id.</u> The court of appeals upheld the decision. <u>See id.</u>

The supreme court granted Mr. Logan's petition to appeal to address the abeyance issue. <u>See id.</u> The court found that an incarcerated plaintiff has no absolute right to have civil proceedings

stayed or to be present during civil litigation.[1]  See id. at 300-01.  The court set forth the following guidelines for determining when an abeyance should be granted:

> an abeyance should be granted by the trial court only when reasonable under the circumstances, in light of several countervailing considerations, such as the length of the prisoner litigant's sentence, the difficulty of the prisoner in presenting proof, the burden on the court in maintaining a docket on which such claims will indefinitely remain, the impracticability of litigating a suit many years after its filing because memories fade and witnesses become difficult to locate, and a defendant's rights to have claims against him or her timely adjudicated.

Id. at 301.  Concluding that the trial court erred by failing to rule on Mr. Logan's motion for abeyance, the court stated, "[a]ppellate review becomes much more difficult without an order specifying reasons for a trial court's grant or denial of a motion. . . . [S]uch plaintiffs are entitled to have requests for abeyances considered and determined under the appropriate legal standards." Id. at 303.  Because the trial court erred by failing to consider and rule on Mr. Logan's motion for abeyance, the court reversed the judgments of the trial court and the court of appeals and remanded the case for further proceedings.  See id.

Likewise, in the case at hand, the trial court failed to rule on Mr. Burton's motion for abeyance.  Thus, we reverse the judgment of the trial court granting summary judgment to Mr. Gearin.  We remand this case to the trial court to consider, pursuant to the guidelines set forth in Logan v. Winstead, whether Mr. Burton's request for an abeyance should be granted.  If, in its discretion, the trial court determines that an abeyance is not appropriate, the trial court may deny Mr. Burton's request for an abeyance and rule upon Mr. Gearin's motion for summary judgment.

### III.  Conclusion

For the foregoing reasons, the decision of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.  Costs of this appeal are taxed against the Appellee, Kent F. Gearin, for which execution may issue if necessary.

 

_____
ALAN E. HIGHERS, JUDGE

---

[1] The supreme court overruled Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975) to the extent that it may be read to stand for that proposition.  See Logan, 23 S.W.3d at 301.