IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 23, 2001 Session

# STANLEY F. BLACKWOOD
v.
# PATRICK F. MARTIN and
# HARDEE, MARTIN, JAYNES & IVY

### An Appeal from the Circuit Court for Madison County
### No. C-98-335    Jon Kerry Blackwood, Judge

### No. W2000-01573-COA-R3-CV - Filed January 16, 2002

This is a legal malpractice case arising from an underlying criminal conviction. The plaintiff prisoner was convicted on twelve counts, including one count of first degree murder. The plaintiff sued the defendant attorneys for malpractice, alleging, *inter alia*, that the defendants negligently failed to conduct a thorough investigation and that, after the plaintiff terminated the defendants' services, the defendants improperly retained a portion of the retainer fee paid by the plaintiff for post-trial representation. The defendant attorneys filed a motion to dismiss and/or for summary judgment. The plaintiff then filed a motion seeking the appointment of a court-appointed expert, which was denied. The trial court subsequently granted the defendants' motion for summary judgment. The plaintiff now appeals. We affirm, finding that the trial court did not abuse its discretion in declining to appoint an expert and did not err in granting the defendants' motion for summary judgment.

### Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.

HOLLY KIRBY LILLARD, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S. and ALAN E. HIGHERS, J., joined.

Stanley F. Blackwood, Pro se.
.
Marty R. Phillips and Dale Conder, Jr., Jackson, Tennessee, for the defendant/appellees Patrick F. Martin and Hardee, Martin, Jaynes & Ivy.

### MEMORANDUM OPINION[1]

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee states:

(continued...)

This is a legal malpractice case. On October 17, 1997, Plaintiff/Appellant Stanley F. Blackwood ("Blackwood") was convicted on one count of first-degree murder, three counts of attempted murder, five counts of aggravated assault, two counts of reckless endangerment, and one count of aggravated burglary, arising from the death of Bonnie Massengill on May 28, 1996. Defendant/appellee Patrick F. Martin ("Martin") represented Blackwood at his criminal trial. Blackwood was convicted on all twelve counts. Blackwood then retained Martin to represent him during the post-trial stage, paying Martin's law firm, Martin and Hardee, Martin, Jaynes & Ivy ("the firm," collectively "the defendants"), a retainer fee of $7500. However, Blackwood subsequently terminated Martin.

On October 19, 1998, Blackwood filed a lawsuit against Martin and the firm for legal malpractice, alleging, *inter alia,* that his conviction resulted not from his guilt but rather from Martin's negligence. Blackwood alleged, *inter alia*, that Martin was negligent by failing to thoroughly investigate the facts and law of the case; failing to obtain a sufficient number of witnesses or experts; failing to depose certain witnesses; failing to ask sufficient questions or object to certain improper actions and questions of the prosecutor; and by failing to make certain arguments or present certain evidence in Blackwood's defense during the criminal trial. Blackwood also alleged that Martin violated nine disciplinary rules of the Tennessee Code of Professional Responsibility and that he improperly retained a portion of the retainer fee after Blackwood had terminated him.

On January 19, 1999, the defendants filed a motion to dismiss and/or for summary judgment, supported by a memorandum of law, as well as Martin's affidavit. In the motion, the defendants asserted that Blackwood failed to state a claim for legal malpractice, maintaining that the alleged violations of the Code of Professional Responsibility did not create a private cause of action for damages and that the alleged deficiencies at trial all related to trial tactics, presentation of evidence, or the manner in which Martin honestly choose to present the case. The defendants further asserted that their retention of a portion of the retainer fee paid by Blackwood was not improper because the agreement between the parties did not provide for the refund of any portion of the retainer. In his affidavit in support of the motion, Martin averred that he conformed to the standard required of criminal attorneys in his representation of Blackwood and in the tactical decisions made at trial. With regard to Blackwood's allegation that he violated several disciplinary rules, Martin stated that Blackwood filed a similar complaint with the Board of Professional Responsibility, and it was dismissed.

---

[1](...continued)
This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Blackwood subsequently filed two separate motions for an extension of time to respond to the defendants' motion for summary judgment and in order to secure an expert. The trial court granted both motions. On May 3, 1999, Blackwood filed his response to the defendants' motion to dismiss and/or summary judgment, supported by a memorandum of law. In addition, Blackwood filed his own affidavit, as well as the affidavits of various family members, asserting that Martin had violated the standard of care. Blackwood filed various other motions, including a motion to strike Martin's affidavit and a motion to have certain issues referred to a special master. After unsuccessful attempts to secure an expert, Blackwood later filed a motion requesting the trial court to appoint an expert witness to assist him and the court in determining the applicable standard of care.

In December 1999, the case was reassigned to Judge Jon Kerry Blackwood. In May 2000, the defendants filed a supplemental motion to dismiss and/or for summary judgment. Plaintiff Blackwood later filed a motion for a stay of the proceedings, asserting, *inter alia*, that despite his efforts he had been unable to secure legal representation or expert testimony. A hearing on the various motions was held on May 24, 2000. In a series of orders entered on June 5, 2000, the trial court denied Blackwood's motions for appointment of a court-appointed expert, reference to a special master, to strike Martin's affidavit, as well as the motion to stay proceedings. The trial court granted the defendants' motion to dismiss and/or for summary judgment.[2] Blackwood now appeals.

On appeal, Blackwood first argues that the trial court erred in granting the defendants' motion to dismiss and/or for summary judgment. He contends that there were genuine issues of material fact as to whether the defendants improperly retained a portion of the retainer fee and as to whether Martin's alleged deficiencies at trial amounted to legal malpractice. Blackwood next argues that the trial court erred in denying his motions for a court-appointed expert, reference to a special master, and a stay of proceedings, considering the complexity of the legal issues involved and his position as an incarcerated, indigent litigant. He maintains that, as a prisoner, his ability to obtain the required expert testimony is hampered, placing him in a disadvantaged position and preventing him from effectively litigating his case. Consequently, he asserts that a stay of proceedings or the appointment of an expert or special master was justified. Blackwood also argues that the trial court erred in not disallowing Martin's affidavit. Last, Blackwood argues that the trial court judge erred in not disqualifying himself based on the fact that the trial judge, Jon Kerry Blackwood, and Plaintiff/Appellant Stanley Blackwood are second cousins.

Expert testimony is required in a legal malpractice action involving the standard of care and alleged breach of the standard of care. *Lazy Seven Coal Sales, Inc. v. Stone & Hines, P.C.*, 813 S.W.2d 400, 406 (Tenn. 1991). The decision of whether or not to stay civil proceedings for a prisoner is within the discretion of the trial court. *Logan v. Winstead*, 23 S.W.3d 297 (Tenn. 2000). Similarly, the decision whether to appoint an expert witness or a special master is also within the discretion of the trial court. *See* Tenn. R. App. P. 53; Tenn. R. Evid. 706. Moreover, the trial court is afforded discretion to determine the "admissibility, qualifications, relevancy and competency of

---

[2]The trial court also granted various other motions that are not at issue in this appeal.

expert testimony." ***McDaniel v. CSX Transp., Inc.***, 955 S.W.2d 257, 263 (Tenn. 1997). The trial court's rulings in this regard will be upheld except upon a showing of an abuse of this discretion. ***Id.*** at 263-64.

In this case, there is no indication that the trial court abused its discretion in denying Blackwood's motion to strike Martin's affidavit and Blackwood's motion for reference to a special master. Likewise, there is no indication that the trial court abused its discretion in denying Blackwood's motion for an appointed expert on legal malpractice. Since Blackwood failed to present expert testimony that Martin breached the applicable standard of care, the trial court's grant of the defendants' motion for summary judgment was not in error.[3]

Blackwood argues that the trial judge erred in not disqualifying himself based on the fact that plaintiff Blackwood and the trial judge are second cousins. However, Blackwood failed to raise the issue of the judge's impartiality before appeal. Consequently, the issue is waived on appeal. ***See Davis v. Tennessee Dept. of Employment Sec.***, 23 S.W.3d 304, 313 (Tenn. Ct. App. 1999).

The decision of the trial court is affirmed. Costs are taxed to the appellant, Stanley F. Blackwood and his surety, for which execution may issue of necessary.

_____
HOLLY KIRBY LILLARD, JUDGE

---

[3]Appellee argues that plaintiff Blackwood's claim should be dismissed because he has not demonstrated that he has obtained post-conviction relief. ***See Gibson v. Trant***, 58 S.W.3d 103 (Tenn. 2001). However, if Blackwood's petition for post-conviction relief is still pending, dismissal is not appropriate until his petition is denied. ***Id.*** at 117. The record on appeal does not address this.