# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Brief October 22, 2001

## SUSAN CHARISSE WHITE GARDNER VERMILLION  v. GUY HOUSTON VERMILLION

**Appeal from the Chancery Court for Johnson County**
**No. 5156     Thomas J. Seeley, Jr., Judge**

### FILED JANUARY 2,  2002

### No. E2001-00241-COA-R3-CV

---

Guy Houston Vermillion, an inmate in the State's penal system, appeals a judgment of the Chancery Court for Johnson County which awarded his wife a divorce.  He insists that he was entitled to be present and present his defense, particularly as it applies to the division of property.  We vacate the judgment and remand the case for the Trial Court to make a determination of whether it is appropriate to stay disposition of the case pending Mr. Vermillion's release.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR., JJ., joined.

Appellant, Guy Houston Vermillion, *Pro Se*

No Brief was filed by the Appellee, Susan Charisse White Gardner Vermillion

### OPINION

Guy Houston Vermillion, an inmate in the penal system of this State appeals a judgment of the Chancery Court for Johnson County, which awarded his wife, Suzanne Charisse White Gardner Vermillion, a divorce.

He contends that the Court was in error in so doing because he was not allowed to appear in person and register his contention that the divorce should not be granted.

His principal attack on the divorce decree is the allegation that Ms. Vermillion "anticipates that the parties will enter into a marital dissolution agreement providing an equitable division of the parties' property."

Notwithstanding the fact that no marital dissolution agreement was ever entered into, the Trial Court granted a divorce and made an award of the parties' property.

This Court, in a recent opinion authored by Judge Susano, <u>Dickerson v. Stuart</u>, an unreported case filed in Knoxville on October 19, 2001, addressed a similar complaint by an inmate:

> The Supreme Court has addressed the factors to be considered by a trial court when faced with a request for delay from a prisoner. In **Logan**,[1] the Court opined that
>
> > an abeyance should be granted by the trial court only when reasonable under the circumstances, in light of several countervailing considerations, such as the length of the prisoner litigant's sentence, the difficulty of the prisoner in presenting proof, the burden on the court in maintaining a docket on which such claims will indefinitely remain, the impracticability of litigating a suit many years after its filing because memories fade and witnesses become difficult to locate, and a defendant's right to have claims against him or her timely adjudicated.
>
> *Id.* at 301.
>
> Although an incarcerated plaintiff does not have an absolute right to have a civil proceeding held in abeyance or an absolute right to personally attend a court proceeding, *id.* at 299, there may be times when both are appropriate and necessary. These questions are within the trial court's discretion. *Id.* at 302.
>
> We have generally addressed litigation by *pro se* parties as follows:
>
> > While litigants who proceed *pro se* are entitled to fair and equal treatment, "they must follow the same procedural and substantive law as the represented party." *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). Indeed a *pro se* litigant requires even greater attention than one represented by counsel. The trial judge must accommodate the *pro se* litigant's lack of legal knowledge without giving the *pro se* litigant an unfair advantage because the litigant represents himself. *Id.*

In light of the foregoing we think it is appropriate to vacate the judgment entered and remand the case to the Trial Court to consider whether a hearing on the merits should be postponed pending the release of Mr. Vermillion from incarceration. Upon remand the Court should consider the factors

---

[1] <u>Logan v. Winstead</u>, 23 S.W.3d 297, 299 (Tenn. 2000).

set forth in <u>Logan</u>.  We express no opinion as to whether the trial on the merits should be delayed. This is a decision for the Trial Court in the first instance after a careful review of the pertinent facts.

For the foregoing reasons the judgment of the Trial Court is vacated and the cause remanded for further proceedings not inconsistent with this opinion.  Costs of appeal are adjudged against Susan Charisse White Gardner Vermillion.

 

_____
HOUSTON M. GODDARD, PRESIDING JUDGE