IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
March 1, 2002 Session

## STATE OF TENNESSEE DEPARTMENT OF CHILDREN'S SERVICES
### v. T.M.K. , ET AL.

**Appeal from the Circuit Court for Bradley County**
**No. V-99-979     John B. Hagler, Jr., Judge**

**FILED SEPTEMBER 30, 2002**

**No. E2000-02840-COA-R3-JV**

The State of Tennessee, through the Department of Children's Services, seeks to terminate the parental rights of T.M.K. and G.L.K., as to their children, E.K. (d.o.b. 1/3/88), C.K. (d.o.b. 1/17/90), and twin daughters, A.K. and E.K. (d.o.b. 5/4/92). The Trial Court found the State had carried the burden of proof by clear and convincing evidence as to grounds for termination, as well as the best interest of the children. We affirm.

**Tenn.R.App.P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed;**
**Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and D. MICHAEL SWINEY, JJ., joined.

Rodney Craig Miller, Cleveland, Tennessee, for the Appellant, T.M.K.

Debra L. House, Cleveland, Tennessee, for the Appellant, G.L.K.

Paul G. Summers, Attorney General and Reporter, and Douglas Earl Dimond, Assistant Attorney General, Nashville, Tennessee, for the Appellee, Department of Children's Services

**OPINION**

Both Mr. and Mrs. K. appeal, raising the following issues:

## MRS. K.'s ISSUES

1.     Whether the trial judge erred in denying Respondent's motion to Hold Proceedings in Abeyance until Respondent was released from prison in the State of Georgia, under the case law of Whisnant v. Byrd, 525 S.W.2d 152 (Tenn. 1975) as modified by Logan v. Winstead, No. E1999-01056-SC-R11-CV publication pending (Tenn. July 21, 2000).

2.     Whether the Tennessee Department of Childrens' Services, as required by T.C.A. 37-1-166, made reasonable efforts to reunify Mrs. K. with her children.

3.     Whether termination of parental rights is in the best interests of the K. children as required by T.C.A. 36-1-113.

## MR. K's ISSUES

1.     Whether the Tennessee Department of Human Services made reasonable efforts to reunify Mr. K. with his children as required by T.C.A. § 37-1-166

2.     Whether there is clear and convincing evidence, as required by T.C.A. § 36-1-113, or any other laws of the State of Tennessee, that G. K.'s parental rights should be terminated

3.     Whether termination of parental rights is in the best interest of the K. children as required by T.C.A. § 36-1-113

4.     Whether Mr. K. abandoned his children, as defined by T.C.A. § 36-1-102 by failing to pay child support

As to the first issue raised by Mrs. K, it appears that at the time of the hearing below she was incarcerated in the State of Georgia under an habitual criminal statute as to D.U.I., and was unable to attend the proceedings.

The most recent case to address failure of a party to attend because of incarceration is Logan v. Winstead, 23 S.W.3d 297 (Tenn. 2000). In that case the plaintiff, an inmate of the Tennessee Penal System, sued Heiskell Winstead--an attorney who defended him as to the criminal charges--for legal malpractice.

The Supreme Court held that Mr. Logan had no absolute right to appear at trial and enunciated the standard to be employed in assessing such a determination (23 S.W.3d at page 302):

[W]e hold that the decision of whether or not to stay civil proceedings for a prisoner is left to the discretion of the trial court. Acting on a case-by-case basis,

the trial court must weigh the competing interests of the inmate's ability to present proof and the burden on the judicial system and the defendant in continuing the action. In reviewing a trial court's ruling on a motion for abeyance, appellate courts should employ an abuse of discretion standard of review. *See Sanjines v. Ortwein*, 984 S.W.2d at 909.

One of the main factors to be considered by the trial court in considering a motion for abeyance is whether the inmate will be released from prison and able to appear in court within a reasonable amount of time from the filing of the suit. This determination will unmistakably vary from one case to the next. Besides the length of the prisoner's remaining sentence, other countervailing interests should be considered by the court, including the burden on the court in maintaining a docket on which such claims will remain for an extended period, and the inconvenience and impracticability of litigating a suit several years after its filing. Not only will prisoners have a more difficult time presenting proof if their cases are held in abeyance, but defendants have a right to have claims against them timely adjudicated. The longer a suit is held in abeyance, the more difficult it will be to try on its merits. Witnesses may move or pass away, memories will fade, and proof will become harder to obtain. It is in everyone's best interest--the court's, plaintiff's, and defendant's--to require the incarcerated litigant's suit to proceed, when reasonable under the circumstances. However we hasten to add that when a trial court denies a prisoner's request for an abeyance, it should, within its discretion, afford the prisoner sufficient time for filing briefs and motions and for conducting discovery. This is especially true when inmates are proceeding *pro se*. Trial courts should waive the time requirements of the Rules of Civil Procedure and set reasonable time restrictions in such instances.

Because the trial court did not address the motion to hold the case in abeyance by Mr. Logan, the case was remanded for the trial court to exercise its discretion as to whether the motion should be granted or denied.

It is true that in this case the Trial Judge did not specifically address <u>Logan</u> in denying the motion. We, in our *de novo* review have done so, and find that the action of the Trial Court was appropriate.

The record discloses that the earliest Mrs. K would be released was approximately one year from the date of the trial and that the two older children had been in foster care for a period of eight years and the twins virtually since their birth. Given this fact and the further fact that an earlier suit was filed in the Juvenile Court over 10 years ago seeking temporary custody of the children which, after an effort to reunite the family, the petition was amended to seek termination of parental rights, the Juvenile Court entered a judgment terminating the parents' parental rights. Upon appeal this Court reversed the termination in the vain hope that the parents would not continue their abuse of alcohol. Additionally, in light of the fact that Mrs. K's position was ably presented by her counsel,

Mr. K., and Mrs. K.'s mother, we do not find an abuse of discretion in proceeding to at long last lay this case to rest.

As to the other issues raised on appeal, we have examined the Trial Court's memorandum opinion in light of the record and concur in its findings of fact and conclusions of law. We accordingly deem it appropriate that the Trial Court be affirmed under Rule 10 of this Court.

We also deem it appropriate, notwithstanding that this case is affirmed under Rule 10, to again point out that this case has been before this Court on a previous occasion wherein the Trial Court was reversed for terminating the parental rights of the parents and giving them a second chance to address their addiction to alcohol which, alas, was not pursued successfully.

We also note that the record shows the mother had been convicted numerous times for D.U.I., including one when her children were with her, and that several of the convictions were subsequent to the ruling of this Court in the earlier case.

We also point out that there is proof in the record in the form of statements given to representatives of the Department of Children's Services that the father had on occasion knocked the children's heads together, as well as inflicted other physical--though we hasten to say not sexual--abuse.

Finally, we think it indicative of the father's concern for the children that when asked why he had not paid any support for the four children for a period of one year, while during the whole period he was gainfully employed, his response was, "Apparently it just slipped my mind."

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against T.M.K. and G.L.K.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE