IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 8, 2008

## VENITA DECOSTA GILLIAM v. ROLLIE GILLIAM, JR.

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-D1-07-31     Laurence M. McMillan, Chancellor**

---

**No. M2007-02507-COA-R3-CV - Filed November 13, 2008**

---

When the trial court entered its divorce decree, husband, who was in prison in another state, was representing himself.  Husband asserts that the trial court erred because it lacked personal jurisdiction over him and lacked subject matter jurisdiction in this matter.  We have concluded that husband waived the personal jurisdiction issue.  However, because the trial court failed to rule on husband's pending motions before adjudicating the divorce, we vacate and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the court, in which RICHARD H. DINKINS, J., joined. PATRICIA J. COTTRELL, P.J., M.S., not participating.

R. Lance Miller, Clarksville, Tennessee, for the appellant, Rollie Gilliam, Jr.

Gary J. Hodges, Clarksville, Tennessee, for the appellee, Venita Decosta Gilliam

**OPINION**

FACTUAL AND PROCEDURAL BACKGROUND

Venita DeCosta Gilliam ("Wife") and Rollie Gilliam, Jr. ("Husband") were married on September 16, 2001 in Florida.  No children were born of the marriage.

Wife filed a petition for divorce in the Montgomery County Chancery Court on January 11, 2007, alleging four grounds for divorce: irreconcilable differences pursuant to Tenn. Code Ann. § 36-4-101(14), cruel and inhuman treatment pursuant to Tenn. Code Ann. § 36-4-101(11), Husband's conviction of a felony and being sentenced to confinement in the penitentiary pursuant to Tenn. Code Ann. § 36-4-101(6), and Husband's indignities to Wife that forced her to withdraw pursuant to Tenn. Code Ann. § 36-4-101(12).  Wife's complaint also includes the allegation that the parties purchased a home in Clarksville, Tennessee, in May 2005.  At the time the complaint for divorce was filed,

Husband was a resident of the Gulf Forestry Work Camp in Wewahitchka, Florida. Wife had custody of Husband's child from a previous marriage.

On February 21, 2007, Husband filed a "Response to Complaint For Absolute Divorce" in which he stated:

> The Defendant contests all of the allegations by the Complainant.
>
> The Defendant is currently incarcerated in the State of Florida and has no way of properly representing his self in this matter.
>
> The Defendant has evidence, document, etc., to present on his behalf to the court in support of his case. But due to the facts that the current Florida institution in which the Defendant is been housed in, is not equipped to supply the Defendant with the proper laws, rules statutes, etc., pertaining to Tennessee.
>
> Therefore, the Defendant is hereby requesting an extension of time to properly prepare for trial in this matter, or in the alternate the Defendant is hereby requesting this Honorable Court to appoint him a special Attorney to fully represent his interest in this matter. Or postpone the proceedings in this matter until the Defendant is release[d] from custody from the State of Florida Penal System, which is on or about July 2010 to that he may be able to gain meanful [sic] employment so that he may be able to afford an Attorney to represent his interest in this matter.

Husband filed a "Notice of Inquiry" on July 17, 2007, asking the clerk and master to inform him of the status of his pending motion for an extension of time.[1] Husband also filed a "Motion to Quash for Lack of Personal Jurisdiction" in which he asserted that "Wife's petition for absolute divorce fails to allege sufficient material facts to permit the court to establish a basis to exercise personal jurisdiction over the nonresident husband." While acknowledging that the court had jurisdiction to dissolve the marriage, Husband asserted that the court lacked jurisdiction concerning alimony, property rights, and child support.

Husband filed a sworn motion for summary judgment on August 24, 2007. In this motion, Husband renewed his objection to personal jurisdiction and asserted that Wife had signed a notarized document on August 23, 2005, waiving all rights to their property. On September 13, 2007, Husband submitted a letter to the clerk and master and attached his correspondence with the Seminole Tribe of Florida concerning his need for legal assistance. Husband requested that an attorney be appointed for him to represent him at the hearing set for September 25, 2007, and informed the clerk and master how he could be reached by telephone. Wife filed responses to Husband's motion to quash, motion for summary judgment, and motion for extension of time on September 21, 2007.

---

[1]Husband apparently was not aware that his motions would not be heard unless he set them for hearing.

The hearing on Wife's divorce petition was held on September 25, 2007. Husband did not attend the hearing. He filed a "Notice of Inquiry and Action" on October 8, 2007, in which he stated: "A hearing was scheduled on Sept. 25, 2007 in the aforestyled case and I have filed pleadings which I still have not been issued order on. Would you please advise me of the status of these proceedings."

The trial court entered a final decree of divorce on October 10, 2007. Based upon Wife's complaint, Husband's answer, Wife's testimony, and the entire record, the trial court awarded Wife an absolute divorce on grounds of inappropriate marital conduct. The Court noted that, on May 16, 2007, Wife had been awarded custody of Husband's minor child, born December 25, 1990, by the Montgomery County Juvenile Court. Evidence was introduced showing that Husband "is receiving $10,000.00 a month income from the Seminole Tribe of Florida, Per Capita Distribution Trust Account . . . while incarcerated in the prison system of the State of Florida." Based upon this income, the trial court ordered Husband to pay monthly child support of $1,563. The court further awarded Wife alimony in the amount of $3,437 per month. After awarding wife various pieces of real property that she owned prior to the marriage, the court awarded Wife the house and lot and personal property in Clarksville and provided that she be solely responsible for all indebtedness on that property.

Husband filed a motion for rehearing and a notice of appeal on October 31, 2007. On November 20, 2007, Husband, now represented by counsel, filed a motion to set aside the "default" judgment of divorce. This court determined that Husband's motion for rehearing and motion to set aside default judgment should be resolved before the appeal proceeded. The case was, therefore, remanded to the trial court for that purpose.

On remand, both parties briefed the issues raised in Husband's motion to set aside the judgment. After a hearing on March 7, 2008, the trial court denied Husband's motion. The court's order of April 4, 2008, does not include any basis for the court's determination. This appeal followed.

On appeal, Husband argues that the trial court's exercise of personal jurisdiction over him was improper on the grounds that he was not a resident of Tennessee and had no ties to the state.[2] The Husband further asserts that the trial court lacked subject matter jurisdiction to determine child custody because the child is a Native American and the Seminole courts had previously exercised jurisdiction over the child and had not relinquished jurisdiction.[3]

---

[2] We have determined that a third issue raised by Husband challenging the trial court's subject matter jurisdiction regarding property division, child custody, and divorce of the parties actually goes to the issue of personal jurisdiction and will, therefore, be addressed under the first issue.

[3] Wife has not filed a brief on appeal. In accordance with Tenn. R. App. P. 29(c), we will proceed to consider this case on the record and Husband's brief alone.

STANDARD OF REVIEW

Our review of the trial court's findings of fact is de novo upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Chaffin v. Ellis*, 211 S.W.3d 264, 285 (Tenn. Ct. App. 2006). A trial court's conclusions of law are reviewed de novo with no presumption of correctness. *Chaffin*, 211 S.W.3d at 285. The appellant has the duty to prepare the record to convey a fair, accurate, and complete account of what transpired in the trial court from which we can determine whether the evidence preponderates for or against the findings of the trial court. *In re M.L.D.*, 182 S.W.3d 890, 894-95 (Tenn. Ct. App. 2005); Tenn. R. App. P. 24. There is no transcript of the proceedings or statement of the evidence in the appellate record in this case. In the absence of a transcript or statement of the evidence, "we conclusively presume that the findings of fact made by the trial court are supported by the evidence and are correct." *In re M.L.D.*, 182 S.W.3d at 894.

ANALYSIS

Before proceeding to address the issues raised, we note that Husband represented himself in this matter until after the final divorce decree was entered. The difficulties often associated with litigation involving self-represented parties are compounded when the self-represented party is incarcerated. *Bell v. Todd*, 206 S.W.3d 86, 91 (Tenn. Ct. App. 2005). This court has previously stated that "an incarcerated litigant's right to meaningful access to the court requires that the litigant be afforded a fair opportunity to present his or her side of the controversy." *Id.* (citing *Knight v. Knight*, 11 S.W.3d 898, 903 (Tenn. Ct. App. 1999)). While entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel. *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003).

Appellate courts may consider issues not explicitly raised by the parties "in order to prevent injury to the public's interest or prejudice to the judicial process." *Bell*, 206 S.W.3d at 91. We have determined that we must address an issue not expressly raised by Husband in his brief. As set forth in our summary of the procedural background in this case, Husband's pleadings include at least three pre-trial motions: a motion for extension of time or postponement of proceedings, a motion to quash (essentially, a motion to dismiss) for lack of personal jurisdiction, and a motion for summary judgment.[4] The record does not indicate that these pending motions were ever addressed by the trial court prior to the final divorce hearing. It is likely that the motions were not heard because Husband did not set them for hearing. We have been faced with similar circumstances in previous cases:

---

[4]Husband's initial pleading also included a motion for appointment of counsel. Except in certain proceedings involving the termination of parental rights, "there is no absolute right to counsel in a civil trial." *Bell*, 206 S.W.3d at 92. Fortunately, Husband retained counsel on appeal.

Appellate courts frequently have been confronted with cases in which the trial courts have disposed of claims either filed by or asserted against self-represented prisoners without first addressing the prisoner's pending motions. No matter whether the prisoner is the plaintiff or the defendant, reviewing courts have consistently held that trial courts err when they proceed to adjudicate the merits of the claim without first addressing the prisoner's pending motion or motions. These oversights have generally been found to be prejudicial rather than harmless because the failure to address the pending motions "give[s] the impression that a litigant is being ignored[.]" We have also held that a prisoner's failure to comply with local rules requiring motions to be set for hearing does not provide a trial court with an excuse for failing to address the pending motions. Accordingly, when a trial court has failed to rule on an incarcerated litigant's pending motions, reviewing courts have consistently vacated the judgment and remanded the case to the trial court with directions to consider and act on pending motions.

*Bell*, 206 S.W.3d at 91 9 (citations omitted) (quoting *Logan v. Winstead*, 23 S.W.3d 297, 303 (Tenn. 2000); *see also Reese v. Klocko*, No. M2005-02600-COA-R3-CV, 2007 WL 1452688, * 4 (Tenn. Ct. App. May 16, 2007); *Chastain v. Chastain*, No. M2003-02016-COA-R3-CV, 2004 WL 725277, at *2 (Tenn. Ct. App. Mar. 31, 2004); *Knight*, 11 S.W.3d at 906. We, therefore, conclude that the judgment should be vacated and the case remanded for disposition of Husband's pending motions.

In the interest of judicial economy, we will proceed to address Husband's challenge to personal jurisdiction. Tenn. R. Civ. P. 12.02 provides that a motion to dismiss for lack of jurisdiction over the person shall be asserted in a responsive pleading or by motion. Rule 12.02 goes on to state that a motion making this defense "shall be made before pleading if a further pleading is permitted." Pursuant to Tenn. R. Civ. P. 12.08, with certain exceptions, "[a] party waives all defenses and objections which the party does not present either by motion as hereinabove provided, or, if the party has made no motion, in the party's answer or reply." Moreover, the defense of lack of personal jurisdiction cannot by raised by amendment to an answer. Tenn. R. Civ. P. 12.08. In the present case, we construe Husband's initial filing, his "Response to Complaint For Absolute Divorce," as an answer, as did the trial court in its divorce decree. Since Husband did not raise the defense of lack of personal jurisdiction in this pleading, he is deemed to have waived the defense. *See Clayton v. Hernandez*, No. M2005-01714-COA-R3-CV, 2006 WL 2792157, *2 (Tenn. Ct. App. Sept. 28, 2006); *P.E.K. v. J.M.*, 52 S.W.3d 653, 660 (Tenn. Ct. App. 2001).

As to Husband's motion for extension of time or postponement of proceedings, a similar issue was considered by this court in *Knight v. Knight*, a case in which we discussed some of the alternatives available to allow an incarcerated litigant to present his position. *Knight*, 11 S.W.3d at 906. The husband in *Knight* moved that he be transported to the divorce hearing or, alternatively, that the matter be held in abeyance until his release from prison. *Id.* In remanding the case for an express ruling on the husband's motion, the court noted that there was no evidence that the trial court had considered other alternatives, including videotaping husband's deposition or allowing him to participate in the hearing by telephone or video technology. *Id.*

The judgment of the trial court is vacated and the case remanded for further proceedings consistent with this opinion. Costs of appeal are assessed equally between the appellant and the appellee, for which execution shall issue if necessary.

_____
ANDY D. BENNETT, JUDGE