
IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 1, 2017

## MICHAEL SMITH v. RANDAL RHEA

**Appeal from the Circuit Court for Shelby County**
**No. CT-001686-13          Robert L. Childers, Judge**

_____

### No. W2016-00641-COA-R3-CV

_____

Plaintiff appeals the dismissal of his suit for lack of prosecution, asserting that the trial court failed to rule on several dispositive motions. Upon a review of the record, we vacate the order of dismissal and remand the case for a hearing on the pending motions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit   Court Vacated and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Michael W. Smith, Whiteville, Tennessee, Pro Se.

Randal Grant Rhea, Memphis, Tennessee, Pro Se.

### MEMORANDUM OPINION[1]

Plaintiff, Michael Smith, filed this action alleging legal malpractice, breach of contract, and several other causes of action on April 17, 2013. He alleges that the Defendant, Randal Rhea, is an attorney who was appointed to represent him in a case in Shelby County Criminal Court and that, as a result of Mr. Rhea's actions and inactions in the course of representing Mr. Smith, he was convicted; he sought damages of "not less

---

[1] Tenn. R. Ct. App. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

than five million dollars." The case was dismissed for lack of prosecution by order entered February 24, 2016. Mr. Smith filed a timely appeal.

In his brief on appeal, Mr. Smith, who is currently incarcerated, recites a history of motions he filed seeking to prosecute the action, including a motion for default judgment, motion for summary judgment, two motions to conduct proceedings by video conference or teleconference, and two motions for judgment on the pleadings. All of these motions are contained in the record and none were ruled upon by the trial court. Mr. Rhea has not filed a brief on appeal, and there is no pleading or other indication that he was served or entered an appearance in the trial court.[2] The only explanation for the dismissal of the case is the following notation on the order of dismissal: "Upon notice of the court setting the above referenced case for dismissal, it is ORDERED, that this cause be dismissed for lack of prosecution without prejudice."

On the record presented, we conclude that the case was improvidently dismissed, in that the record shows that Mr. Smith has filed numerous motions to prosecute the case that were pending at the time of the order of dismissal. A prisoner has a constitutional right to prosecute a civil action seeking vindication of a legal right. *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975). As noted by the Supreme Court in *Logan v. Winstead*, "Many suits can be adjudicated on the pleadings. Motions to dismiss, motions for summary judgment, and other such pre-trial matters can be litigated by an inmate in custody." 23 S.W.3d 297 at 302 (Tenn. 2000).

Accordingly, we vacate the order of dismissal and remand the case for the court to rule on the pending motions.[3]

RICHARD H. DINKINS, JUDGE

---

[2] In the motion for default judgment filed June 10, 2013, Mr. Smith asserts that Mr. Rhea was served with the complaint on April 30, 2013; there is no answer or responsive pleading in the record before us.

[3] In light of Mr. Smith's incarceration, the court may elect to dispose of them without argument in accordance with rules Five and Six of the Rules of the Shelby County Circuit Court.

2