**Jimmy Dale SMITH, Plaintiff-Appellant,**

**v.**

**Arnold PEEBLES, Jr.,**
**Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 11, 1984.

Application for Permission to Appeal
Denied by Supreme Court
Dec. 10, 1984.

**568**

Jimmy Dale Smith, pro se.

James H. Porter, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Plaintiff Jimmy Dale Smith, an inmate in the Tennessee Penal System, filed his complaint *pro se* in the Chancery Court for Davidson County, Tennessee, against the defendant Arnold Peebles, Jr. Mr. Peebles represented plaintiff in a criminal proceeding which resulted in plaintiff's conviction. Plaintiff, in his complaint, alleges, *inter alia*, that Mr. Peebles was guilty of malpractice in handling plaintiff's defense which resulted in plaintiff's conviction. Among other things, plaintiff prayed for (a) $1,000,000 compensatory damages, (b) $2,000,000 punitive damages, and (d) $5,000

actual damages, the amount allegedly paid to the defendant as a fee in the criminal case.

Subsequent to the filing of defendant's answer, plaintiff filed a motion to set the case for a jury trial. Thereafter, plaintiff filed a "Motion to Compel Production of Prisoner" in which he sought to have the Trial Judge order the Warden to have him present for trial on November 2nd. The "Motion to Compel Production of Prisoner" was denied. Plaintiff then filed his "Motion for Continuance" in which he set forth that he could not "effectively and successfully litigate and present my meritorious complaints without my actual presence during the trial proceedings." On October 26, 1983, the Trial Judge entered an order denying "plaintiff's motion for continuance."

The Trial Judge entered the following order on November 3, 1983.

This cause came on for trial November 2, 1983. No one appeared on behalf of the plaintiff and the court announced the action would be dismissed.

IT IS, THEREFORE, ORDERED that this case is dismissed because of failure to prosecute and costs are assessed against the plaintiff for which execution will issue.

Plaintiff appeals the Trial Judge's dismissal of his suit for failure to appear and prosecute.

In *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn.1975), plaintiff, a prisoner confined in the Tennessee State Prison, filed a *pro se* complaint seeking to recover a five by seven photograph of a young lady and also sought $10,000 damages "for intense worry, grief and mental pain, caused by the defendant's false dealing." The trial judge entered an order reciting "that in view of the fact that the plaintiff is presently incarcerated in the state penitentiary, that this case should be continued from term to term until the release of the plaintiff from prison." The plaintiff appealed, contending that he had a right to have his case heard immediately and that he had a right to be present for trial.

Justice Henry, writing for the Court, stated:

These constitutional provisions [Art. 1, § 12 and Art. 1, § 17, Const. of Tenn.] constitute clear and unequivocal declarations of the public policy of this State to the effect that no forfeiture of property rights shall follow conviction for a crime, and that every man shall have a remedy by due course of law for an injury sustained by him.

That the public policy of this State opposes forfeitures for conviction of crime is well established. [Citation omitted.]

We, therefore, hold that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right; however, this is a qualified and restricted right.

*Id.* at 153, Further:

We hold that, absent unusual circumstances, prisoners who have filed their civil complaints, unrelated to the legality of their convictions and who have thus protected themselves against the running of any statute of limitations, will not be afforded the opportunity to appear in court to present their cases during their prison terms. Instead such matters will be held in abeyance until the prisoner shall have been released from prison and is in a position to prepare and present his case. We hold that in a proper case, and upon a proper showing of particularized need, the trial judge, in his discretion, may issue an appropriate directive requiring the attendance of the prisoner.

In the case at bar plaintiff's complaint has been filed and the statute of limitations has been tolled. His right of action is protected. In our opinion the record does not disclose any need for immediate attention and certainly the trial judge would have been remiss had he disposed of the case in the absence of the plaintiff, and even more so had he attempted to order his presence at trial with the ac-

companying expense, hazard to the public, and interference with prison officials. *Id.* at 154.

In the instant case plaintiff prisoner's "constitutional right to institute and prosecute a civil action" was effectively denied when the Trial Judge refused a continuance and dismissed plaintiff's complaint for "failure to prosecute."

The judgment of the Trial Judge is reversed and the cause remanded to the Trial Court. On remand, the cause shall be placed on the docket and continued from time to time unless the Trial Judge should find "upon a proper showing [a] particularized need" to bring the case on for trial. In that event, he may issue "an appropriate directive requiring the attendance of the [plaintiff] prisoner."

Costs of the appeal are taxed to defendant.

CANTRELL and KOCH, JJ., concur.