898 F.2d 154
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry PITTMAN, Plaintiff-Appellant,
v.
Robert DAILEY; Jackson City Police Department; Jerry
Woodall; Madison County Attorney Office,
Defendants-Appellees.
 No. 89-6062.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1990.
 
 1
 Before KENNEDY and ALAN E. NORRIS, Circuit Judges, and AVERN COHN, District Judge*.
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Larry Pittman, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983.
 
 
 4
 Seeking monetary, declaratory, and injunctive relief, Pittman sued defendants, the Jackson City (Tennessee) Police Department, the Madison County (Tennessee) Prosecuting Attorney's Office, and two members of the Jackson City Police force (Dailey and Woodall), alleging that defendants made false, misleading and slanderous statements about him which prevented him from obtaining a fair trial. Pittman's allegations concern a newspaper article which appeared in the "Jackson Sun" (Jackson City, Tennessee) newspaper, on or about October 19, 1984, which consisted of direct quotes from defendants asserting that Pittman was involved in a series of crimes being committed at that time.
 
 
 5
 After a review of the files and records, the district court dismissed Pittman's complaint, finding that it was barred by the applicable statute of limitations. Following the denial of his subsequent motion for reconsideration, Pittman filed a timely appeal, challenging the dismissal of his suit.
 
 
 6
 Upon review, we affirm the district court's judgment. The district court properly concluded that Pittman's claims were barred by the applicable statute of limitations.
 
 
 7
 For purposes of section 1983 claims, state statutes and tolling principles determine the timeliness of the claims, see Wilson v. Garcia, 471 U.S. 261, 268-69 (1985), but federal law determines when the claims accrued. See Sevier v. Turner, 742 F.2d 262, 272 (6th Cir.1984).
 
 
 8
 Pittman's cause of action accrued in October 1984 at the time of the publication of the newspaper article. See Hicks v. Hines, Inc., 826 F.2d 1543, 1544 (6th Cir.1987) (accrual occurs when a greater than de minimus harm is discernible).
 
 
 9
 Further, applying the one-year limitations period of Tenn.Code Ann. Sec. 28-3-104(a) (1980) to this claim, see e.g., Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir.1986); Wright v. Tennessee, 628 F.2d 949, 951 (6th Cir.1980) (en banc), we conclude that this claim is untimely since it was filed nearly five years after the cause of action accrued.
 
 
 10
 In addition, neither Pittman's incarceration nor the state's savings statute, Tenn.Code Ann. Sec. 28-1-105 (1989), renders the suit timely as filed. Under Tennessee law, incarceration does not toll the limitations period for a prisoner's cause of action prior to the filing of the complaint, rather the limitations period is tolled for civil actions "unrelated to the legality of conviction" after a prisoner's complaint is filed. Whisnant v. Byrd, 525 S.W.2d 152, 153-54 (Tenn.1975); Smith v. Peebles, 681 S.W.2d 567, 569 (Tenn.Ct.App.1984). Since Pittman did not file his complaint until after the expiration of the limitations period, his incarceration does not toll the limitations period. Similarly, although Tenn.Code Ann. Sec. 28-1-105 (1989) provides a plaintiff with a one-year grace period to refile an action after an adverse decision, the record does not disclose that Pittman has filed any earlier action concerning this subject matter.
 
 
 11
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation