IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, May 3, 2001

## WILLIAM DAVID FOWLER, as surviving parent of DAVID KEITH FOWLER, deceased, v. RALPH EUGENE DAVENPORT and JASON RICHARDS

**Direct Appeal from the Law Court for Washington County**
No. 16504      Hon. G. Richard Johnson, Chancellor
JUNE 6, 2001

### No. E2000-02509-COA-R3-CV

The Trial Court granted defendants summary judgment on the grounds plaintiff's action was time-barred.  We reverse and remand.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Law Court Reversed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Bob McD. Green, Johnson City, Tennessee, for Appellant, William David Fowler.

Richard W. Pectol and James T. Bowman, Johnson City, Tennessee, for Appellees, Ralph Eugene Davenport and Jason Richards.

**OPINION**

In this action the Trial Court granted defendants summary judgment, and dismissed plaintiff's action with prejudice.  Plaintiff has appealed.

The chronology of events in this case are as follows:

The Complaint was filed on August 12, 1994, and defendants filed an Answer on October 12, 1994.  The Trial Court entered an Order on March 23, 1995, reciting that the case would be continued until the defendant, Ralph Davenport's release from incarceration.  Then, on September 24, 1996, the case was dismissed, the Court noting that the defendants did not appear for a docket setting.  On October 24, 1996, plaintiff moved to reinstate the case to the docket.  That Motion was

dismissed on March 2, 1998. Plaintiff filed another Motion on April 1, 1998, asking that the Order of Dismissal be set aside, and the case be reinstated to the docket. The Court entered an Order on December 2, 1998, reinstating the case to the docket. Defendants' Motion for Summary Judgment was filed on September 7, 1999, and summary judgment was granted on August 10, 2000.

The Trial Court, in granting defendants' Motion to Dismiss, concluded that the plaintiff's action had never been properly reinstated because plaintiff's initial Motion to Reinstate had not been served upon defendants, and since the first dismissal of action was more than a year from the relief sought, the Saving statute could not save the action.

Plaintiff's Motion to Reinstate in response to the initial Order of Dismissal was timely filed.

On April 1, plaintiff filed a Motion to set aside the order of dismissal and reinstate, and while no reference is made to Tenn. R. Civ. P. Rule 60, the Trial Court obviously treated that Motion as a Rule 60 motion, because a Rule 59 motion at that juncture was time-barred. The Trial Court entered an Order reinstating the action on December 2, 1998, and that Order reads as follows:

> The above-styled matter having come unto the attention of the Court pursuant to Motion to Set Aside the Order of Dismissal and Reinstate filed on the 1[st] day of April 1998, and the Court noting that there has been no response to said Motion by counsel for the defendants, to whom notice was properly issued on or about the 1[st] day of April, 1998, and upon consideration of the Motion and the circumstances of the matter, the Court is of the opinion that the same should be reinstated upon the active docket for call on the next sounding of the docket, and that the Order of Dismissal heretofore entered without prejudice be set aside.

The special circumstances of the case are that the Trial Court had entered an Order continuing the case until the defendants' release from incarceration, relying upon the authority of *Smith v. Peoples*, 681 S.W.2d 567 (Tenn. App. 1984), and subsequently, the Court acted unilaterally, without regard for its prior Order, and dismissed the case because counsel did not appear at the sounding of a docket.

We conclude that the Trial Judge acted properly in reinstating the action. *See* Tenn. R. Civ. P. Rules 60.02(5).

Accordingly, none of the grounds raised in the Motion to Dismiss, nor the reasons given by the Trial Judge have merit, because the Court's Order of December 2, 1998 reinstated the original action.

We reverse the judgment of the Trial Court dismissing the action, and remand for further proceedings consistent with this Opinion.

The costs of the cause are assessed to appellees.

_____
HERSCHEL PICKENS FRANKS, J.