# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

JOHNNY MOFFITT,

    Plaintiff/Appellant,

VS.

CARTHEL SMITH,

    Defendant/Appellee.

Henderson Circuit No. 91-205

Appeal No. 02A01-9705-CV-00095

FILED

February 23, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF HENDERSON COUNTY
AT LEXINGTON, TENNESSEE
THE HONORABLE FRANKLIN MURCHISON, JUDGE

**JOHNNY MOFFITT, pro se**
Clifton, Tennessee

**EDWIN E. WALLIS, JR.**
**ROLF S. HAZLEHURST**
**MOSS, BENTON & WALLIS, PLLC**
Jackson, Tennessee
Attorneys for Appellee

**AFFIRMED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**W. FRANK CRAWFORD, P.J., W.S.**

**DAVID R. FARMER, J.**

    Plaintiff, Johnny Moffitt ("Plaintiff"), has appealed from a summary judgment

dismissing his cause of action against the defendant, Carthel Smith ("Defendant"), for legal malpractice. The Defendant was appointed to represent the Plaintiff who was charged with first degree murder and shooting into an occupied dwelling. Plaintiff was found guilty on both counts by a Henderson County Circuit Court jury on August 11, 1989. The jury's verdict was upheld on appeal by the Court of Criminal Appeals in an opinion filed on December 5, 1990.

On November 7, 1991, Plaintiff filed a civil lawsuit against the Defendant in the Henderson County Circuit Court alleging legal malpractice in the handling of the criminal matter. Plaintiff sought compensatory damages of two million dollars and punitive damages of two million dollars. An answer was filed on behalf of the Defendant on December 13, 1991. The Defendant filed a Motion for Summary Judgment on February 24, 1992. The Defendant relied on the pleadings and attached affidavits from the following: Jerry Woodall, the District Attorney General for the Twenty-Sixth Judicial District of the State of Tennessee who prosecuted the case against the Plaintiff; Judge Whit Lafon, the Circuit Court Judge for the Twenty-Sixth Judicial District of the State of Tennessee who presided over the trial; and James E. Cody, a former employee of the Henderson County Sheriff's Department.

District Attorney General Woodall and Judge Lafon stated that the Defendant utilized the pre-trial discovery rules available for the Plaintiff's behalf, filed the proper pre-trial motions, explored the testimony of the witnesses by direct examination, as well as cross-examination, emphasized the issues which would relate to the Plaintiff's innocence, but that the evidence offered against the Plaintiff was overwhelming. They both affirmed that the Defendant's representation of the Plaintiff was adequate and within the standards of the legal profession for representation of a criminal defendant. Mr. Cody affirmed that he heard the Plaintiff state on more than one occasion that he was well satisfied with the Defendant's representation and that the Plaintiff believed that the Defendant had done a good job for him.

By order dated June 2, 1992, the trial court granted Defendant's Motion for Summary Judgment. The Plaintiff filed a notice of appeal to this court on June 15, 1992. In an opinion filed on March 29, 1993, this court reversed and remanded the decision of the trial court and stated: "The Defendant in his Motion for Summary Judgment and supporting Affidavits has not addressed the Plaintiff's allegation regarding Defendant's alleged failure to properly investigate the case prior to trial." We further stated: "Defendant's Answer joined issue on the allegations of Plaintiff's Complaint, but Defendant did not file any affidavit or other evidence controverting Plaintiff's allegations concerning Defendant's trial preparation." In conclusion, we stated that it would not be inconceivable that after further proceedings on remand, the posture of the case may be such that either party may move for summary judgment pursuant to the provisions of Tenn. R. Civ. P. 56.

On June 17, 1996, the Defendant filed a second Motion for Summary Judgment. The second Motion for Summary Judgment contained all of the Affidavits of the original Motion for Summary Judgment plus three additional affidavits as follows: Defendant Carthel Smith, co-counsel Jack Hinson, and attorney Patrick Martin.

The affidavits of Defendant and Jack Hinson address the actions of the Defendant and his co-counsel during the pre-trial, trial, and appellate process of the defense of Plaintiff. This included all the investigative actions Defendant and Mr. Hinson took as counsel for Plaintiff.

The affidavit of Patrick Martin is the professional opinion of an expert witness who has practiced criminal law in excess of fifteen years. In his affidavit, Mr. Martin states that he reviewed all of the relevant files and documentation regarding Defendant's representation of Plaintiff, and that based upon this thorough review of the case and in his professional opinion, Defendant fully and adequately prepared for and investigated the case against Plaintiff in all stages of the case, including the pre-trial, trial, and appellate process. Mr. Martin stated in relevant part:

> In my professional opinion, Carthel Smith filed all pre-trial, trial and appellate motions which were necessary in the

3

representation of Johnny Moffitt and pursued every conceivable legal and ethical option which might have led to a verdict favorable to the criminal defendant Johnny Moffitt . . . [t]he services of Carthel Smith in the representation of the criminal defendant, Johnny Moffitt, were within the community standards both for the pre-trial investigation, the trial and appeal and were not neglectful of anything that needed to have been done to properly represent the defendant Johnny Moffitt.

The trial court granted the Defendant's Motion for Summary Judgment and denied the Plaintiff's Motion to place this case on a continuous docket in orders dated December 9, 1996. The Plaintiff filed a Notice of Appeal on January 6, 1997.


## Law and Discussion

Summary judgment is to be granted only if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.03. In ruling on a motion for summary judgment, the courts must consider the matter in the same manner as a motion for a direct verdict made at the close of the plaintiff's proof, i.e., all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993). The *Byrd* court went on to provide in pertinent part:

> Once it is shown by the moving party that there is no genuine issue of material fact, the nonmoving party must then demonstrate, by affidavits or discovery materials, that there is a genuine, material fact dispute to warrant a trial. In this regard, Rule 56.05 provides that the nonmoving party cannot simply rely upon his pleadings but must set forth *specific facts* showing that there is a genuine issue of material fact for trial.

*Id.* at 211 (emphasis original) (citations omitted).


In a suit against an attorney for professional negligence, the plaintiff must prove three things in order to recover: (1) the employment of the attorney; (2) neglect by the attorney of a reasonable duty; and (3) damages resulting from such neglect. *Sammons v. Rotroff*, 653 S.W.2d 740, 745 (Tenn. Ct. App. 1983). The settled general rule in most if not all American jurisdictions is that an attorney to whom the conduct of litigation is

4

entrusted may be held liable to his client for damages resulting from his failure to exercise ordinary care, skill, and diligence, or, as it is frequently expressed, that degree of care, skill, and diligence which is commonly possessed and exercised by attorneys in practice in the jurisdiction. *Wood v. Parker*, 901 S.W.2d 374 (Tenn. Ct. App. 1995); *See* 45 A.L.R.2d 5, 12.

It is well settled in Tennessee that legal malpractice action involving issues of standard of care and breach thereof require expert testimony. *Lazy Seven Coal Sales v. Stone & Hines*, 813 S.W.2d 400, 406 (Tenn. 1991); *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. Ct. App. 1986). The Supreme Court, in *Lazy Seven Coal Sales v. Stone & Hines*, 813 S.W.2d 400, 406 (Tenn. 1991), quoted from *Cleckner v. Dale*, 719 S.W.2d 535 (Tenn. Ct. App. 1986) as elaborating upon the standard to which attorneys are held in civil actions for damages:

> The standard of care applicable to a particular case will vary depending upon the type of legal activity involved. The standard of care applicable to civil litigators may not be the same standard applicable to lawyers representing the buyers in a real estate transaction or to lawyers drafting complicated testamentary instruments. The varied nature of the practice of law underscores the necessity of expert proof intended to acquaint the finder of fact with the applicable professional standard in each case . . . [w]hether a lawyer's conduct meets the applicable standards is generally believed to be beyond the common knowledge of laypersons. Thus, except in cases involving clear and palpable negligence, most courts considering the issue have held that cases of legal malpractice cannot be decided without expert proof regarding the applicable standard of care and whether the lawyer's conduct complies with this standard.

*Id.* at 540. The *Cleckner court* went on to provide:

> We have determined that the evidentiary principles developed in medical malpractice cases are equally applicable to legal malpractice cases. The lawyer's standard of care, except in the most extreme cases, should be proved using expert testimony. Likewise, whether the lawyer's conduct in a given case departed from the applicable standard should also be proved by expert testimony.

In the case under submission, the burden was placed on the Plaintiff to prove that the Defendant owed Plaintiff a duty of professional reasonable care as his attorney, that

Defendant breached that standard of care of professionally reasonable care, and that as a result of this breach, Plaintiff suffered damages. In an attempt to satisfy this burden, Plaintiff alleges that Defendant's representation of him was inadequate in every stage of the matter--pre-trial, trial, and appellate. Additionally, Plaintiff avers that Defendant's investigation of the case was inadequate in that Defendant allegedly failed to investigate the crime scene, failed to contact favorable witnesses having exculpatory evidence, and failed to contact witnesses found in law enforcement reports that contradicted the state's witnesses.

Undoubtedly, these are not matters within the common knowledge of a layperson. Expert testimony is required. *See Cleckner v. Dale, supra.* As mentioned above, since the onset of Defendant's first Motion for Summary Judgment, Defendant has proffered three additional affidavits in the record, one of which is designated as an expert in the area of criminal defense. These additional affidavits essentially "patch up the holes" that were present in Defendant's first Motion for Summary Judgment. As mentioned *supra*, the additional affidavits state that Defendant complied with the standard of applicable care for a criminal defense attorney in Henderson County, Tennessee, in all aspects of the cause of action--pre-trial, trial, appellate, and investigatory matters. We conclude that Defendant has met his burden of persuading this court that no genuine and material factual issues exist, and that it is therefore, entitled to judgment as a matter of law.

Once the Defendant carried his burden, the burden then shifted to Plaintiff to prove that there was at least one genuine issue of material fact. He, however, has offered absolutely nothing by way of expert testimony concerning (1) the applicable standard of care for a criminal defense attorney in Henderson County, Tennessee, or (2) how this standard of care was breached by Defendant. Undoubtedly, this is required by *Cleckner* and *Lazy Seven Coal Sales, supra.* The only response made by Plaintiff in regard to this Motion for Summary Judgment was his own sworn affidavit which, essentially, restates some specifics of his allegations of negligence stated in his complaint. As such, Plaintiff has failed to establish an essential element of his case--that Defendant breached the

6

standard of care applicable to a criminal defense attorney in Henderson County, Tennessee.

In summary, we conclude that, in those legal malpractice actions wherein expert legal testimony is required to establish negligence and proximate cause, affidavits by attorney(s) who are experts in the particular area in question which clearly and completely refute Plaintiff's contention afford a proper basis for dismissal of the action on summary judgment, in the absence of proper responsive proof by expert affidavit or otherwise. Consequently, we affirm the judgment of the trial court granting Defendant's Motion for Summary Judgment.

Concerning Plaintiff's contention that this matter should be placed on a continuous docket until such time as Plaintiff may become available to proceed with said matter, we find this contention is not well taken. In his Motion to Place this Case on a Continuous Docket, Plaintiff relies upon *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975) and *Smith v. Peebles*, 681 S.W.2d 567 (Tenn. Ct. App. 1984). Upon reviewing these cases, we find that they are distinguishable from the case at bar. In both *Whisnant* and *Peebles*, the prisoners' claims had come to the point of a trial. In the instant case, the Defendant is petitioning the court to grant his Motion for Summary Judgment. This cause is not to the point of a trial. Plaintiff's personal attendance is not required. Plaintiff has a sufficient means of conveying his arguments to the court via his memoranda to the court. Furthermore, Plaintiff's testimony could have been presented to the court via deposition or affidavit. We, therefore, affirm the decision of the trial court denying Plaintiff's Motion to Place this Case on a Continuous Docket.

We affirm the judgment of the trial court granting Defendant's Motion for Summary Judgment and denying Plaintiff's motion to place the case on a continuous docket . Costs of this appeal are assessed against Plaintiff, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____
CRAWFORD, P.J., W.S.

_____
FARMER, J.