**Charles F. GRIFFIN, Plaintiff–Appellant,**

v.

**Kirk EIDSON, Detective, Chattanooga Police Department, in his official and individual capacity, Defendant–Appellee.**

No. 00–6306.

United States Court of Appeals, Sixth Circuit.

Aug. 10, 2001.

Before SUHRHEINRICH and SILER, Circuit Judges; HOOD, District Judge.*

Charles F. Griffin, a Tennessee prisoner proceeding pro se, appeals the summary judgment for the defendant in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Griffin, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, alleges that Detective Kirk Eidson of the Chattanooga Police Department, subjected him to malicious prosecution. Griffin contends that Eidson intentionally and maliciously fabricated evidence and prosecuted Griffin for aggravated robbery when Eidson was not the perpetrator of the crime. Griffin contends that the criminal action was terminated in his favor by a jury verdict of not guilty. Griffin seeks $10,000 in compensatory damages and $50,000 in punitive damages from the defendant. The district court granted defendant Eidson's motion for summary judgment after concluding that the complaint was time-barred or otherwise failed to state a claim under § 1983 for malicious prosecution or false arrest.

This court reviews an order granting summary judgment de novo, using the same test as used by the district court. *Raczak v. Ameritech Corp.*, 103 F.3d 1257, 1261 (6th Cir.1997). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to

---

* The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "An appellate court must review the evidence in the light most favorable to the nonmoving party...." *Raczak,* 103 F.3d at 1261–62 (internal quotation omitted).

Upon review, we conclude that the district court properly granted summary judgment to defendant Eidson. Griffin's complaint is time-barred. For § 1983 actions arising in Tennessee, the statute of limitations is one year. *See* Tenn.Code Ann. § 28–3–104(a)(3); *Berndt v. Tennessee,* 796 F.2d 879, 883 (6th Cir. 1986). A statute of limitations begins to run when the plaintiff knows or has reason to know of the injury that is the basis of his action. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1159 (6th Cir.1991); *Berndt,* 796 F.2d at 883; *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir.1984). Griffin admits in his complaint that the statute of limitations began to run on January 17, 1996, and expired on January 17, 1997. The complaint was not filed until October 23, 1997. In addition, neither Griffin's mistake in filing the complaint nor his incarceration renders the suit timely filed. It is true, in some cases, that the statute of limitations may be suspended for equitable reasons. *See Truitt v. County of Wayne,* 148 F.3d 644, 648 (6th Cir.1998) (factors in considering equitably tolling a statute of limitations include lack of notice of filing requirement; lack of constructive knowledge of filing requirement; diligence in pursuing one's right; absence of prejudice to the defendant; and plaintiff's reasonableness in remaining ignorant of the particular legal requirement). In this case, however, Griffin's mistaken belief as to the proper court in which to file this action does not constitute a factor sufficient to invoke the equitable tolling doctrine.

Further, under Tennessee law, incarceration does not toll the limitations period for a prisoner's cause of action prior to the filing of the complaint, rather the limitations period is tolled for civil actions unrelated to the legality of conviction after a prisoner's complaint is filed. *Whisnant v. Byrd,* 525 S.W.2d 152, 153–54 (Tenn. 1975); *Smith v. Peebles,* 681 S.W.2d 567, 569 (Tenn.Ct.App.1984). Since Griffin did not file his complaint until after the expiration of the limitations period, his incarceration does not toll the limitations period.

Even if this action were not barred by the statute of limitations, summary judgment is still proper. In a § 1983 action, Griffin must establish (1) a deprivation of rights, privileges, or immunities secured by the Constitution or laws, *see Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979), and (2) that Eidson deprived him of this constitutional right under color of law. *Dunn v. Tennessee,* 697 F.2d 121, 125 (6th Cir. 1982). Griffin has not been deprived of a constitutional right. To establish an action based on common-law malicious prosecution, Griffin must show: (1) the commencement of prosecution proceedings against him, (2) legally caused by Eidson, (3) the termination of those proceedings in favor of Griffin, (4) the absence of probable cause for such proceedings, (5) the presence of malice therein, and (6) damage to Griffin by reason thereof. *Id.* at 125 n. 4.

In this case, the fourth element is lacking because, after a full and fair preliminary hearing on the charge, the Honorable Clarence Shattuck, Judge of the Hamilton County General Sessions Court, found probable cause to bind over the aggravated robbery charge to the Grand Jury. The issue of probable cause is now res judicata and may not be relitigated in this action. *Smith v. Thornburg,* 136 F.3d 1070, 1077 (6th Cir.1998). Further, to the extent that Griffin's complaint can be read as alleging a claim for false arrest, the state court's

396

finding of probable cause is likewise fatal to any possible constitutional claim based on false arrest. *See Stemler v.. City of Florence,* 126 F.3d 856, 871 (6th Cir.1997).

■ Insofar as Griffin argues that counsel should have been appointed to represent him, the claim lacks merit. The appointment of counsel in a civil case is not a constitutional right, but a privilege granted only in exceptional circumstances. *See Lavado v. Keohane,* 992 F.2d 601, 604–05 (6th Cir.1993). No exceptional circumstances exist in this case.

Finally, the plain language of Fed. R.Civ.P. 56 permits a district court to grant summary judgment without resort to an evidentiary hearing in the appropriate circumstances.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.