IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Brief October 31, 2002

## EDDIE WILLIAMS, JR. v. TENNESSEE DEPARTMENT OF CORRECTIONS, ET AL.

**Appeal from the Chancery Court for Morgan County**
**No. 01-34      Frank V. Williams, III, Chancellor**

**FILED JANUARY 31, 2003**

**No. E2002-00306-COA-R3-CV**

In this appeal from the Chancery Court for Morgan County the Petitioner/Appellant, Eddie Williams, Jr., contends that the Trial Court erred in dismissing his petition for writ of certiorari for failure to appear and prosecute.  We vacate the judgment of the Trial Court and remand.

**Tenn. R. of App. P. Appeal as of Right; Judgment of the Chancery Court Vacated; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which HERSCHEL P. FRANKS and CHARLES D. SUSANO, JR.,JJ., joined.

Eddie Williams, Jr., pro se.

No brief filed by the Appellees.

### OPINION

Mr. Williams is currently incarcerated at Northeast Correctional Complex in Mountain City.

On March 6, 2001, Mr. Williams filed a petition for writ of certiorari in the Chancery Court for Morgan County wherein he sought review of a decision rendered against him by the disciplinary board of the Brushy Mountain Correctional Complex while he was incarcerated there. On May 21, 2001, the Respondent/Appellee, Tennessee Department of Corrections, filed a motion to dismiss Mr. Williams' petition upon grounds of improper venue and failure to state a claim upon which relief may be granted.  Mr. Williams filed his response to that motion on June 1, 2001.

On January 15, 2002, the Trial Court received a motion from the Tennessee Department of Corrections requesting that its motion to dismiss be heard on the briefs without oral argument. On that same date the Court entered an order dismissing the case which recites the following:

It appearing to the Court that the above styled cause of action was set for trial on 14th day of JANUARY, 2002 and Notice of Trial was thereafter served upon the Parties in writing as reflected by a copy of such Notice hereafter filed in the above styled cause. The Plaintiff or Attorney of record having failed to appear and prosecute pursuant to the notice given, it is therefore;

**ORDERED, ADJUDGED AND DECREED**, that this cause be and is hereby dismissed for failure to appear and prosecute. Costs are taxed to the Plaintiff for which execution may issue if necessary.

Thereafter, Mr. Williams timely filed his notice of appeal.

The sole issue addressed in this appeal is, as restated, whether the Trial Court erred in dismissing Mr. Williams' petition for writ of certiorari for failure to appear and prosecute.

The decision of a trial court to dismiss for failure to prosecute is discretionary and, therefore, upon review this Court will not second guess the trial court unless it has acted unreasonably, arbitrarily or unconscionably. *Hodges v. Tennessee Attorney General, et al*, 43 S.W.3d 918, (Tenn. Ct. App. 2000).

The Tennessee Department of Corrections chose not to file a brief in this case; however, by notice to this Court it recognizes that Mr. Williams was incarcerated on the trial date of January 14, 2002, and was "unable to appear for trial without a writ of habeas corpus or some other order commanding that he be brought to court". The record does not show that the Trial Court issued a writ of habeas corpus or other order commanding that Mr. Williams be brought to court in this case. The notice further states that "[i]n the interest of justice, the respondent, through counsel, believes that dismissal under the circumstances was inappropriate and that the case should be remanded to determine whether the motion to dismiss should be granted or writ should issue." We agree.

First of all we note that, although the Trial Court's order of dismissal states that trial of the case was set for January 14, 2002, and that notice of trial was served upon the Parties, Mr. Williams denies that he received such notice and we find no evidence of such notice in the record before us. However, even if it is shown that Mr. Williams was served with notice of trial, we still disagree that his petition was properly dismissed by reason of his failure to appear and prosecute.

In *Whisnant v. Byrd*, 525 S.W.2d. 152 (Tenn. 1975) the Tennessee Supreme Court recognized "that a prisoner has a constitutional right to institute and prosecute a civil action seeking redress for injury or damage to his person or property, or for the vindication of any other legal right..." The Court further noted, however, that the prisoner's right in this regard is qualified and restricted and that "absent unusual circumstances" the prisoner would not be allowed to appear in court during his or her term of imprisonment. Although the *Whisnant* Court held that such matters should be held in abeyance until the prisoner's release, in *Logan V. Winstead*, 23 S.W.3d 297 (Tenn. 2000) the Supreme Court later overruled *Whisnant* to the extent that it granted an absolute right of a stay when the prisoner was absent from litigation and held that the decision of whether to stay proceedings on

behalf of a prisoner should be determined on a case by case basis at the court's discretion. However, nowhere in its opinion did the Court sanction dismissal of a prisoner's case solely for failure to appear and prosecute. In fact the Court specifically noted that "[m]any suits can be adjudicated on the pleadings. Motions to dismiss, motions for summary judgment, and other such pre-trial matters can be litigated by an inmate in custody."

In *Smith v. Peebles*, 681 S.W.2d 567, (Tenn. Ct. App. 1984) a prisoner appealed the trial court's dismissal of his suit for failure to appear and prosecute after denying his request for a continuance. Citing language from *Whisnant*, ibid., we found that, in so doing, the trial court effectively denied the prisoner's "'constitutional right to institute and prosecute a civil action'".

In light of the foregoing it is our conclusion that the Trial Court improperly dismissed Mr. Williams' petition for writ of certiorari. The order of dismissal is, therefore, vacated and the case is remanded for a ruling on Mr. Williams' petition and on the motion to dismiss same filed by the Tennessee Department of Corrections. Costs of appeal are adjudged against the Tennessee Department of Corrections.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE