IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 11, 2005 Session

## IN RE: ESTATE OF JOE MACK RUSSELL, DECEASED

**Appeal from the Chancery Court for Sullivan County**
**No. P-02-12447    Richard E. Ladd, Chancellor**

_____

**No. E2004-0765-COA-R3-CV - FILED JUNE 14, 2005**

_____

In this appeal, the Plaintiff argues that the trial court abused its discretion in dismissing his suit to contest a will and contends that the trial court should have held the case in abeyance instead. Upon motions of the Plaintiff, the trial court had continued trial of the will contest on two prior occasions to times requested by the Plaintiff. Given this finding and further findings that the Plaintiff never requested that the case be held in abeyance and that the Plaintiff neither filed a motion that the case be continued from the date of trial nor notified the trial court beforehand that he would not be present at trial, we affirm the judgment of the trial court and remand.

**Tenn. R. App. P. 3 Appeal as of Right ; Judgment of the Chancery Court Affirmed; Cause Remanded**

SHARON G. LEE, J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and WILLIAM H. INMAN, SR. J., joined.

Benjamin K. Mallicote, Kingsport, Tennessee, for the Appellant, Dennis Wayne Russell.

J. Robert Boatright, Kingsport, Tennessee, for the Appellees, William Jack Russell and Billie Jo Russell.

## OPINION

This is an appeal from a dismissal of a will contest suit filed by the Appellant/Plaintiff, Dennis Wayne Russell, on September 9, 2002, in the Probate Division of the Sullivan County Chancery Court. In his suit to contest a will, the Plaintiff alleges, *inter alia*, that a document submitted for probate as the last will and testament of his father, Joe Mack Russell[1], is a forgery. The Appellees/Defendants, William Jack Russell and Billie Joe Russell, submitted the contested document for probate and are the brother and sister-in-law of Joe Mack Russell and the co-executors of his estate. At the time that he filed the will contest suit, the Plaintiff was incarcerated in a federal correctional facility located in Petersburg, Virginia.

---

[1]The record shows that Joe Mack Russell died on April 3, 2002.

On May 3, 2003, a scheduling order was entered by the trial court setting the will contest for trial on August 19, 2003. Thereafter, on June 30, 2003, the Plaintiff, acting *pro se*, filed a motion requesting that the trial be continued to "an agreeable date in September 2003." The trial court granted the Plaintiff's motion for continuance and trial of the case was re-set to September 25, 2003.

On September 15, 2003, the Plaintiff filed another motion for continuance requesting that the trial be further continued to "an agreeable date in February 2004." This motion was filed on behalf of both the Plaintiff and his brother, David Joe Russell,[2] who, on July 23, 2003, had also filed an action to contest his father's will and who, at the time, was also incarcerated in a federal correctional facility. The trial court granted this second motion for continuance, trial of the case was further re-set to February 17, 2004, and, by letter dated September 18, 2003, the trial court informed the Plaintiff that the case would not be continued again.

On February 17, 2004, the will contest case was called for trial. The Defendants were present along with five witnesses they had subpoenaed, but neither the Plaintiff nor his brother appeared. Upon motion of the Defendants, the trial court entered an order dismissing the case pursuant to T.R.C.P 41.02, based upon findings that the case had been re-set twice at the Plaintiff's request, that the Plaintiff was informed of the trial date of February 17, 2004, and that the Plaintiff did not appear on that date.

On March 5, 2004, the Plaintiff filed a motion to reverse or set aside the trial court's order of dismissal on the following grounds:

> 1) Plaintiff, Dennis Wayne Russell, was unable to be present in Court on February 17, 2004, due to being in transit with the Bureau of Prisons from one prison to another prison, during this time.
>
> 2) Plaintiff, David Joe Russell, was unable to be present in Court on February 17, 2004 due to being incarcerated at a halfway house, and not being allowed access to the Court.
>
> 3) As Executor of Decadent's [sic], Joe Mack Russell's, deceased, previous will, Plaintiff Dennis Wayne Russell, has the right to appear and challenge any new or revised will.
>
> WHEREFORE, the Plaintiffs/Contestants, pray that the Court will grant this motion for good cause shown and moves and prays that the Court will reschedule the hearing at a convenient time when the Plaintiffs/Contestants can make arrangements with the federal authorities to be present.

---

[2]David Joe Russell is not a party to this appeal.

By order entered March 16, 2004, the trial court denied this motion upon the following stated grounds:

> 4. That upon two (2) separate motions to continue filed by the Plaintiff/Contestant Dennis Wayne Russell, the trial date was twice postponed to a date within the time frame requested, and the Scheduling Order was twice amended to allow additional time for completion of pre-trial discovery and filing of dispositive pre-trial motions.
>
> 5. That by letter dated September 18, 2003, the Court informed both the Plaintiffs/Contestants that the case would be tried on February 17, 2004.
>
> 6. That the Plaintiffs/Contestants had more than adequate time within which to request another continuance, but no such motion was filed prior to the hearing on February 17, 2004.
>
> 7. That the Plaintiffs/Contestants were provided ample time and opportunity to prepare and present evidence by deposition, interrogatories, requests for admission, subpoena of witnesses, etc., but they did not present any evidence in support of their allegations.
>
> 8. That the Co-Executors of the Estate filed timely responses to both the First and Second Requests for Production of Documents filed by Plaintiff/Contestant Dennis Wayne Russell.
>
> 9. That the Co-Executors of the Estate appeared on the trial date of February 17, 2004, together with five (5) subpoenaed witnesses, and announced their readiness for trial.
>
> 10. That the Motion to Reconsider does not offer either a novel, reasonable, or just cause for the relief requested.

Upon denial of his motion to reverse or set aside the order of dismissal, the Plaintiff filed notice of appeal.

The sole issue addressed by this Court in this case is whether the trial court abused its discretion in dismissing the Plaintiff's will contest action.

In *Hodges v. Attorney General, et al.*, 43 S.W.3d 918, 921 (Tenn. Ct. App. 2000), we restated the standard by which we review a trial court's decision to dismiss for failure to prosecute:

> Trial courts posses inherent, common-law authority to control their dockets and the proceedings in their courts. Their authority is quite broad and includes the express authority to dismiss cases for failure to prosecute or to

-3-

comply with the Tennessee Rules of Civil Procedure or the orders of the court. Because decisions to dismiss for failure to prosecute are discretionary, reviewing courts will second-guess a trial court only when it has acted unreasonably, arbitrarily, or unconscionably. (Citations omitted.)

The Plaintiff argues that the trial court should have construed his repeated requests for a continuance of the will contest to be a request that the case be held in abeyance until his release. The Plaintiff maintains that, "[a]lthough he never specifically use[s] the term "abeyance" in his correspondence with the court, [he] made repeated requests of the court to schedule the trial of this matter at such time as he could appear." In support of this latter assertion, the Plaintiff references the will contest motion filed on July 23, 2003, and the two motions for continuance filed on June 30, 2003, and September 15, 2003. Our review of these pleadings compels us to conclude that these pleadings do not support the Plaintiff's assertion.

First of all, we are constrained to note that the July 23, 2003, motion to contest the will of Joe Mack Russell, in fact, was not filed by the Plaintiff, but rather by the Plaintiff's brother, David Joe Russell. Accordingly, no request set forth in that motion can be construed to be a request of the Plaintiff. In any event, we find nothing in that motion which reasonably could be construed to be a request of any party to the matter herein that trial be rescheduled to a time when the Plaintiff could appear.

Likewise, we find nothing in either of the referenced motions for continuance which reasonably could be construed to be a request by the Plaintiff for continuance of trial to a time when he could be present. The motion for continuance filed June 30, 2003, states in pertinent part as follows:

> Comes now Plaintiff, Dennis Wayne Russell, pro se, and moves that the Scheduling Order entered on May 2, 2003 in the above referenced matter, be amended as follows:
>
>> 1.) That the trial scheduled on August 19, 2003 commencing at 9:00 am, at City Hall, second floor, in Kingsport, Tennessee, be continued until an agreeable date in September 2003.
>>
>> 2.) That the pre-trial discovery be completed on or before August 1, 2003.
>>
>> 3.) That all pre-trial motions that could be dispositive of any or all of the issues be filed on August 15, 2003.
>
> Plaintiff has been incarcerated in the Federal Correctional Facility at Petersburg, Virginia, since May 22, 2002, and has been unable to retain local Tennessee counsel to represent him. Plaintiff has contacted several attorneys who have declined representation.

Plaintiff will be required to represent hisself [sic] and as a result will need additional time to conduct research and contact potential witnesses and accumulate necessary documents to present at trial.

**WHEREFORE,** it is hereby requested that in the interest of fairness and justice, under the circumstances, that this motion be granted, and the Scheduleing [sic] Order be amended granting Plaintiff additional time to prepare for trial.

The motion for continuance filed by the Plaintiff on September 15, 2003, states in pertinent part as follows:

COMES NOW Plaintiff, Dennis Wayne Russell, pro se, and moves that the Scheduleing [sic] Order entered on July 9, 2003 in the above referenced matter, be amended as follows;

1.) That the trial scheduled on September 25, 2003 commencing at 9:00 am, at City Hall, second floor, in Kingsport, Tennessee, be continued until an agreeable date in February 2004.

2.) That the pre-trial discovery be completed on or before January 1, 2004.

3.) That all pre-trial motions that could be dispositive of any or all of the issues be filed on January 15, 2004.

Plaintiffs have been incarcerated in the Federal Bureau of Prisons since May 22, 2002 and have been unable to retain local council [sic] in Tennessee to represent them. Plaintiffs have contacted several attorneys, all of which have declined representation due to their incarceration. Plaintiff Dennis Wayne Russell's brother, David Joe Russell is also incarcerated at the Federal Correctional Facility at Manchester, Kentucky, and is scheduled to be released in January, and it is imperitive [sic] that he be allowed to participate in this cause of action, since he has numerous interest[s] involved.

Plaintiff will be required to represent himself, and as a result will need additional time to conduct research and contact potential witnesses and accumulate necessary documents to present at trial.

WHEREFORE, it is hereby requested, that in the interest of fairness and justice and Due Process, under the circumstances, that this Motion be Granted, and the Scheduleing [sic] Order be amended granting Plaintiff additional time to prepare for trial.

Neither of these motions for continuance indicates in any manner whatsoever that the Plaintiff requests a continuance or abeyance of trial until he is released from his incarceration. The earlier motion requests that trial be rescheduled to "an agreeable date in September 2003" while the latter motion requests that trial be rescheduled to "an agreeable date in February 2004." Each motion requests that trial be rescheduled to a time *preceding* the expected time of the Plaintiff's release, which he asserts to be May of 2005.[3] Furthermore, neither motion requests a continuance based upon the Plaintiff's inability to appear, but rather upon the Plaintiff's asserted need for additional time to prepare his case.

The Plaintiff presented the trial court with two motions for continuance of trial in this matter and each was granted in full. When the case was called for trial on the date to which it had been rescheduled so that the Plaintiff could adequately prepare his case, the Plaintiff was absent. There is no indication in the record before us that the Plaintiff either advised the trial court that he would not be present on this date or filed a pleading requesting that the trial be further continued or that the case be held in abeyance until a time when he could be present. In neither of the motions for continuance filed by the Plaintiff is there any indication that he will not be present at trial. When, in his motion to reverse or set aside the order of dismissal, the Plaintiff does, for the first time, request a continuance of trial until he can appear, he requests that the court reschedule to "a convenient time when the Plaintiffs/Contestants *can make arrangements with the federal authorities to be present.*" Even at this stage of the proceeding, the Plaintiff does not request an abeyance until his release, but rather, indicates that his appearance is contingent upon proper arrangements being made with the federal authorities. We additionally note that, in his motion to reverse or set aside the order of dismissal, the Plaintiff offers no excuse for his failure to notify the trial court that he would not be present or for his failure to request a continuance. In his brief, the Plaintiff indicates that he did not file another motion for continuance because of the trial court's statement in its letter of September 18, 2003, that the case would not be continued again. However, the Plaintiff's motion to reverse or set aside the trial court's judgment makes no mention of this as a reason for not requesting further continuance.

The Plaintiff cites *Hessmer v. Hessmer*, 138 S.W.3d 901, 903-904 (Tenn. Ct. App. 2003) for the proposition that papers prepared by *pro se* litigants should be measured by less stringent standards than those applied to papers prepared by lawyers and, as stated by the Court in that case, the courts "should give effect to the substance, rather than the form or terminology, of a pro se litigant's papers." We agree with these statement; however, we find nothing in the substance, form or terminology of the pleadings filed by the Plaintiff in this case which can be reasonably construed to be a request for abeyance until his release. And in *Hessmer,* we also recognized that "[p]ro se litigants should not be permitted to shift the burden of the litigation to the courts" and that "the courts cannot create claims or defenses for pro se litigants where none exist."

---

[3]Although in his brief the Plaintiff states that he expects to be released in May of 2005, in correspondence from the Plaintiff to the trial court dated August 19, 2003, the Plaintiff states that he has "a little more than two (2) years left until [his] release."

As authority for his argument that the trial court should have held this case in abeyance, the Plaintiff cites *Whisnant v. Byrd*, 525 S.W.2d 152 (Tenn. 1975) and *Smith v. Peebles*, 681 S.W.2d 567 (Tenn. Ct. App. 1984). However, neither of these cases questioned the trial court's authority to dismiss a case for failure to prosecute where there was no motion for continuance pending. In *Whisnant,* the trial court had continued the case from term to term until the plaintiff was to be released from incarceration upon its own cognizance. In *Smith,* the trial court had denied an incarcerated plaintiff's motion for continuance wherein the plaintiff contended that he would not have been successful if he was not present at trial. In *Logan v. Winstead*, 23 S.W.3d 297 (Tenn. 2000), the Tennessee Supreme Court overruled *Whisnant* to the extent that it guaranteed an incarcerated plaintiff an absolute right to have civil proceedings stayed or to be present during litigation and held, instead, "that an abeyance should be granted by the trial court only when reasonable under the circumstances." *Id.* at 299. With respect to the circumstances in the instant matter, we note the failure of the Plaintiff to, at any time, request a continuance or abeyance upon grounds that he would be unable to appear and his further failure to make any attempt to notify the trial court that he would not be present at trial on February 17, 2003. We also note the fact that the Defendants appeared in court on the scheduled date of trial along with five witnesses they had subpoenaed apparently prepared to proceed with trial of the case at a time that the Plaintiff had suggested. We do not believe that under these circumstances an abeyance was warranted and we find no merit in the argument that the trial court abused its discretion in dismissing the Plaintiff's case.

The Plaintiff contends that Tennessee distinguishes between the right of an incarcerated party to appear at a hearing on a pre-trial motion and his right to appear at trial. While we do not disagree with this proposition, we maintain, in light of *Winstead,* that in either instance the decision to hold the case in abeyance remains a discretionary decision to be made by the trial court on a case-by-case basis. And although, as we stated in *Knight v. Knight*, 11 S.W.3d 898, 906 (Tenn. Ct. App. 1999), "an inmate's interest in appearing personally may become stronger when the case has progressed to the point of trial," other circumstances, such as those present in the case before us, will justify a trial court's decision not to hold the case in abeyance.

Finally, the Plaintiff contends that the trial court erred in failing to consider alternatives for allowing him to participate in the trial of his case and states that "[t]he trial court's failure to consider any of these options is exacerbated by the [Plaintiff's] specific request, in his letter dated August 19, 2003, that he be permitted to participate via telephone." In the referenced letter, the Plaintiff requests that the trial court "make arrangement for me to represent myself via telephone from here at the prison." Even had such arrangements been made, it would not have made any difference in this case because, as the Plaintiff states in his motion to reverse or set aside the trial court's judgment, he was not present at the prison at the time of trial, but in transit. It is our further determination that this request was supplanted by the Plaintiff's second motion for continuance which was filed thereafter on September 15, 2003, and makes no mention of a request for participation by telephone. Finally, it is our determination that the Plaintiff's failure to not only request a continuance but to even notify the trial court that he would be absent on the date of trial

relieved the trial court of any obligation it might have otherwise had to consider alternative means of participation.

For the foregoing reasons the judgment of the trial court is affirmed and the cause is remanded for whatever further action may be necessary as consistent with our decision herein. The costs on appeal are assessed against the Appellant/Plaintiff, Dennis Wayne Russell.

_____
SHARON G. LEE, JUDGE