IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned On Brief August 28, 2002

## ROBERT JESSIE BURTON, SR.  v. KENT F. GEARIN

**Direct Appeal from the Circuit Court for Weakley County**
**No. 3577     William B. Acree, Jr., Judge**

_____

**No. W2002-00537-COA-R3-CV - Filed December 16, 2002**

_____

The plaintiff, a prisoner, sued the defendant who had been appointed to represent the plaintiff in his petition for post-conviction relief.  The prisoner, proceeding *pro se*, filed a motion asking the trial court to hold this matter in abeyance until his release from prison.  The motion was denied.  The defendant filed a motion for summary judgment supported by an un-refuted affidavit which was granted.  The prisoner appealed the trial court's denial of the motion for abeyance and we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Robert Jessie Burton, Sr., *Pro Se*.

James F. Horner, Memphis, Tennessee, for the appellee, Kent F. Gearin.

## OPINION

The background of this case is set forth in the opinion entered when this matter was before this Court previously in *Burton v. Gearin*, No. W1999-01022-COA-R3-CV, 2000 WL 1839129, (Tenn. Ct. App. Nov. 29, 2000).  There the Court said:

> The Appellee [Kent F. Gearin] was appointed by the Circuit Court of Weakley County to represent the Appellant [Robert J. Burton] in his petition for post conviction relief.  The circuit court denied the Appellant's petition, and the Tennessee Court of Criminal Appeals affirmed.  The Appellant filed a complaint for legal malpractice against the Appellee.  The Appellant also filed a motion to hold the matter in abeyance until he was released from prison.  The trial court failed to rule on the motion for abeyance.  The trial court entered summary judgment in favor of the Appellee.

The Appellant appeals the trial court's grant of summary judgment in favor of the Appellee and the trial court's failure to rule on the motion for abeyance. For the reasons stated herein, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

## I. Facts and Procedural History

The Appellant, Robert J. Burton ("Mr. Burton"), was convicted by the Circuit Court of Weakley County of one count of rape and one count of incest involving Mr. Burton's thirteen year old daughter. Mr. Burton was represented by counsel of his own choosing during the criminal trial. Trial counsel appealed Mr. Burton's conviction to the Tennessee Court of Criminal Appeals which affirmed the conviction. The Tennessee Supreme Court denied review of the decision.

Mr. Burton filed a petition for post-conviction relief in the Circuit Court of Weakley County, alleging ineffective assistance of counsel resulting in his criminal conviction. The Appellee, Kent F. Gearin ("Mr. Gearin"), was appointed by the court to represent Mr. Burton in the post-conviction relief proceeding. The circuit court denied Mr. Burton's petition for post-conviction relief. Mr. Gearin appealed to the Tennessee Court of Criminal Appeals. The court of criminal appeals affirmed the trial court's decision.

On April 6, 1999, Mr. Burton, acting pro se, brought an action for legal malpractice, claiming that Mr. Gearin failed to render effective assistance of counsel in the post-conviction relief proceeding. Mr. Burton also filed a motion to hold the matter in abeyance until he was released from prison. On June 25, 1999, Mr. Gearin filed a motion for summary judgment seeking dismissal of Mr. Burton's case on two grounds: (1) Mr. Burton failed to present any expert testimony establishing that Mr. Gearin deviated from the applicable standard of professional care in his representation of Mr. Burton; and (2) Mr. Burton failed to obtain post-conviction relief prior to the institution of his legal malpractice action. As support for the motion, Mr. Gearin submitted his own affidavit in which he stated the facts concerning his representation of Mr. Burton and his expert opinion that he did not deviate from the applicable standard of care. On August 9, 1999, the trial court granted Mr. Gearin's motion for summary judgment, finding that Mr. Burton failed to meet his burden of establishing the necessary elements of his claim. The trial court failed to rule on Mr. Burton's motion for abeyance.

*Id*. at *1.

Relying upon a recent decision of the Tennessee Supreme Court, ***Logan v. Winstead***, 23 S.W.3d 297 (Tenn. 2000), this Court held that, because the trial court failed to rule on Mr. Burton's motion for abeyance, the judgment of the trial court granting summary judgment was reversed and the cause remanded to the trial court to consider, pursuant to the guidelines set forth in ***Logan v. Winstead***, whether Mr. Burton's request for an abeyance should be granted. This Court went on to say that "[i]f, in its discretion, the trial court determines that an abeyance is not appropriate, the trial court may deny Mr. Burton's request for an abeyance and rule upon Mr. Gearin's motion for summary judgment." ***Id***. at *2.

The sole issue as presented by the appellant is whether the trial court abused its discretion in denying the request of the appellant, Robert J. Burton, to hold this matter in abeyance. Mr. Burton's motion to hold in abeyance states as follows:

> Comes the Plaintiff, Robert Burton, Sr., and would move this Court to hold the above matter in abeyance until such time the Plaintiff is released from prison. For cause, Petitioner would state as follows:
>
> 1. He cannot obtain counsel while incarcerated. This Court should be aware that few attorneys will prosecute any matter against another attorney.
>
> 2. The Defendant will not be harmed by holding this matter on the docket for future hearing.
>
> 3. The Plaintiff will, of course, abide by any ruling of this Court; but, would ask that the matter be held in abeyance after the service of the Complaint/Summons, and after the pleadings are complete.

Upon remand, Mr. Burton filed another motion for abeyance. The trial court caused an order to be filed on February 1, 2002, denying the motion. The trial court's order states as follows:

> Upon remand from the Tennessee Court of Appeals Western Section at Jackson, Plaintiff's Motion to hold this matter in abeyance pending his release from incarceration came on for hearing before this Court on January 24, 2002. The Court, upon consideration of the record before the court, the factors outlined in ***Logan v. Winstead***, 23 S.W.3d 297 (Tenn. 2000) and finding:
>
> (1) That the Defendant Kent Gearin was appointed by the Court prior to September, 1997 to represent plaintiff in his post-conviction release proceeding;
>
> (2) That the Circuit Court denied [P]laintiff's Petition for Post-Conviction Relief on May 18, 1998;

(3) That said Order was appealed to the Tennessee Court of Criminal Appeals which affirmed the Trial Court's decision;

(4) That [P]laintiff's case for alleged legal malpractice arising out of Defendant's representation of Plaintiff in his post-conviction release proceeding was filed on April 6, 1999;

(5) That pursuant to the Affidavit of Faye Claud, Manager of Sentence Information Services for the State of Tennessee, filed in this cause on December 3, 2001, Mr. Burton's sentence is not set to expire until March 4, 2003 as of said date;

(6) That based upon a release date of on or about March 4, 2003 this case is not likely to be heard on the Court's civil docket until sometime in 2004 or 2005 and;

(7) That defendant has a right to have claims against him timely adjudicated;

. . . .

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that upon consideration of the record in this cause and the factors outlined by the Tennessee Supreme Court in ***Logan v. Winstead***, 23 S.W.3d 297 (Tenn. 2000), Plaintiff's Motion to hold this matter in abeyance pending his release from incarceration is hereby denied.

The Tennessee Supreme Court recently set forth thorough guidelines to be followed by trial courts in deciding a prisoner's motion for abeyance. In ***Logan v. Winstead***, 23 S.W.3d 297 (Tenn. 2000), the Court held as follows:

Instead, we hold that the decision of whether or not to stay civil proceedings for a prisoner is left to the discretion of the trial court. Acting on a case-by-case basis, the trial court must weigh the competing interests of the inmate's ability to present proof and the burden on the judicial system and the defendant in continuing the action. In reviewing a trial court's ruling on a motion for abeyance, appellate courts should employ an abuse of discretion standard of review. ***See Sanjines v. Ortwein***, 984 S.W.2d at 909.

One of the main factors to be considered by the trial court in considering a motion for abeyance is whether the inmate will be released from prison and able to appear in court within a reasonable amount of time from the filing of the suit. This determination will unmistakably vary from one case to the next. Besides the length of the prisoner's remaining sentence, other countervailing interests should be considered by the court, including the burden on the court in maintaining a docket on which such claims will remain for an extended period, and the inconvenience and

impracticability of litigating a suit several years after its filing. Not only will prisoners have a more difficult time presenting proof if their cases are held in abeyance, but defendants have a right to have claims against them timely adjudicated. The longer a suit is held in abeyance, the more difficult it will be to try on its merits. Witnesses may move or pass away, memories will fade, and proof will become harder to obtain. It is in everyone's best interest – the court's, plaintiff's, and defendant's – to require the incarcerated litigant's suit to proceed, when reasonable under the circumstances. However we hasten to add that when a trial court denies a prisoner's request for an abeyance, it should, within its discretion, afford the prisoner sufficient time for filing briefs and motions and for conducting discovery. This is especially true when inmates are proceeding *pro se*. Trial courts should waive the time requirements of the Rules of Civil Procedure and set reasonable time restrictions in such instances.

Many suits can be adjudicated on the pleadings. Motions to dismiss, motions for summary judgment, and other such pretrial matters can be litigated by an inmate in custody. We recognize, as Mr. Logan points out, that a prisoner filing or rebutting a motion for summary judgment supported by an expert affidavit might have a more difficult task in obtaining an expert affidavit than would a litigant who is not incarcerated. In such instances trial courts should grant additional time to prisoners to prepare relevant filings, as the circumstances of the case direct. Nonetheless, we are of the opinion that an incarcerated litigant, acting *pro se* or having the benefit of an attorney, can prepare and support pre-trial motions. With the discretion of the trial court in granting necessary extensions of time, prisoners should be able to proceed in accordance with the Rules of Civil Procedure.

Moreover, requiring incarcerated plaintiffs to prosecute civil claims will serve to eliminate the many frivolous actions by inmates that burden the court system. In order to spare defendants, potential witnesses and the courts the burden of having prisoners' civil actions held in abeyance for years, trial courts should be permitted to dispose of frivolous suits via pre-trial motions. For example, if a plaintiff's legal malpractice allegations lack merit, he or she would find it difficult to obtain an expert witness willing to state in an affidavit that the defendant violated the applicable standard of care. Holding such a case in abeyance until the prisoner has been released from custody would be an exercise in futility and would unduly burden the court and the defendant.

*Id*. at 302-03 (footnotes omitted).

Our review of this record and the applicable law, as set forth in ***Logan v. Winstead,*** convinces us that the trial court acted within its discretion in denying the motion for abeyance.

As previously noted, the sole issue presented by Mr. Burton and argued in his brief was whether the trial court erred in denying his motion for abeyance. Nevertheless, we will discuss the trial court's grant of summary judgment in favor of the defendant. In support of his motion for summary judgment, Mr. Gearin filed an affidavit setting forth his compliance with the standard of care for attorneys handling cases of this nature. He notes in the affidavit that Mr. Burton refused to take the stand on his own behalf at his post-conviction relief hearing. This affidavit by Mr. Gearin, a licensed attorney in the State of Tennessee, was not rebutted. The motion was further supported by the opinion of the Court of Criminal Appeals which affirmed the order of the trial court in dismissing Mr. Burton's petition for post-conviction relief. In that appeal, petitioner argued that his trial counsel was ineffective. *See Burton v. State*, No. 02C01-9807-CC-00226, 1999 Tenn. Crim. App. LEXIS 221 (Tenn. Ct. Crim. App. Mar.12, 1999) (*no perm. app. filed*). There the court said:

> On September 8, 1994, Petition was convicted of one count of rape and one count of incest. Petitioner was sentenced as a Range I Standard Offender to concurrent sentences of twelve (12) years for the rape conviction and six (6) years for the incest conviction. . . . Petitioner filed a pro se petition for post-conviction relief and the trial court subsequently appointed counsel to represent him at the hearing. On May 18, 1998, the trial court entered an order denying Petitioner's petition for post-conviction relief, finding that he did receive the effective assistance of counsel. In this appeal, Petitioner again contends that he did not receive the effective assistance of counsel in that his trial counsel failed to investigate and prepare his case. Specifically, he contends that his counsel failed to interview the victim, the school guidance counselor, the victim's school friends, and other possible alibi witnesses.
>
>          . . . .
>
> In post-conviction proceedings, the petitioner has the burden of proving the allegations of fact by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f). When reviewing the dismissal of a post-conviction petition, this Court must affirm the judgment of the trial court unless the evidence in the record preponderates against the judgment. *Black v. State*, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990).
>
> In determining whether counsel provided effective assistance at trial, the court must decide whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). To succeed on a claim that his counsel was ineffective at trial, a petitioner bears the burden of showing that his counsel made errors so serious that he was not functioning as counsel as guaranteed under the Sixth Amendment and that the deficient representation prejudiced the petitioner resulting in a failure to produce a reliable result. *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L. Ed. 2d 674, reh'g denied, 467 U.S. 1267, 82 L. Ed. 2d 864, 104 S.Ct. 3562 (1984); *Cooper v. State*, 849 S.W.2d 744, 747 (Tenn. 1993); *Butler v. State*, 789 S.W.2d

-6-

898, 899 (Tenn. 1990). To satisfy the second prong the petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding petitioner's guilt. *Strickland*, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." *Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994) (citation omitted).

. . . .

We have reviewed Petitioner's various claims and we find that Petitioner has failed to present any evidence that shows that his attorney represented him in any other manner than competently. . . .

. . . .

In conclusion, the evidence contained in the record does not preponderate against the trial court's finding that Petitioner received the effective assistance of counsel.

*Id*. at *1-5.

Our Supreme Court recently addressed the standard governing legal malpractice actions by criminal defendants against their defense attorneys. In *Gibson v. Trant*, 58 S.W.3d 103, 116 (Tenn. 2001), the Court said "based on principles of equity, tort law, post-conviction law, and public policy, we hold that a criminal defendant must obtain post-conviction relief in order to maintain a legal malpractice claim against his defense lawyer." Mr. Burton alleged in his complaint that his representation by Mr. Gearin at his post-conviction trial was inadequate. The Court of Criminal Appeals held that it was not and denied his petition.

We further conclude that the trial court reached the correct decision in granting the Defendant's motion for summary judgment. Therefore, the judgment of the trial court in denying the motion for abeyance and in granting the Defendant's motion for summary judgment is affirmed. Costs of this appeal are taxed to the appellant, Robert J. Burton.

_____
DAVID R. FARMER, JUDGE